**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 96-4217

REGINALD WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                          No. 96-4230

REGINALD WILLIAMS,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CR-95-332-A)

Argued: March 6, 1997

Decided: April 23, 1997

Before HAMILTON and WILLIAMS, Circuit Judges, and
KISER, Chief United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed in part, vacated in part and remanded for resentencing by
unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Jill Dana Odell, Special Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reginald Williams (Williams), an inmate at the Lorton Reformatory in Lorton, Virginia, challenges the sufficiency of the evidence to support his conviction for possession of heroin with intent to distribute. See 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He also challenges the district court's denial of his Federal Rule of Criminal Procedure 33 motion for a new trial on that conviction and his related conviction for being a prisoner in possession of heroin, see 18 U.S.C. § 13 (assimilating §§ 53.1-203(5) and 18.2-10 of the Code of Virginia, 1950, as amended), which he brought on the basis of newly discovered evidence. The government cross-appeals Williams' sentence of sixty months' imprisonment. For reasons that follow, we affirm Williams' convictions, but vacate his sentence and remand for resentencing.

I.

Viewing the evidence at trial in the light most favorable to the government, as we must when reviewing a defendant's challenge to the sufficiency of the evidence to support his conviction, Glasser v. United States, 315 U.S. 60, 80 (1942), the following facts are estab-

2

lished. During the early evening of July 4, 1994, correctional officers at Dormitory One at the Occoquan Facility of the Lorton Reformatory conducted a shakedown of the dormitory's inmates prompted by a drug overdose of an inmate earlier that day. As part of the shakedown, the correctional officers conducted a strip search of each inmate in the dormitory's bathroom. Upon Williams' turn to be strip searched, Williams entered the bathroom with his hands inside his shorts. While Williams still had his hands inside his shorts, he dropped a syringe cap onto the floor, ran toward a bathroom stall and dropped a syringe and a folded one hundred dollar bill onto the floor. Upon retrieving and unfolding the one hundred dollar bill, Correctional Officer Pope discovered a surgical glove containing nine small, clear plastic baggies of suspected narcotics. The substance in the baggies was later confirmed to be .794 grams of heroin. Subsequently, Williams ran to the water fountain area in the hallway outside the bathroom and dropped an additional two hundred and thirty dollars in cash.

A jury subsequently convicted Williams of possession of heroin with intent to distribute, see 21 U.S.C.§§ 841(a)(1) and (b)(1)(C), and of being a prisoner in possession of heroin, see 18 U.S.C. § 13; Va. Code Ann. § 53.1–203(5) (Michie 1994); Va. Code Ann. § 18.2-10 (Michie 1996). Subsequently, Williams filed a motion for a new trial based on newly discovered evidence. See F ED. R. CRIM. P. 33. Concluding the newly discovered evidence would probably not result in an acquittal at a retrial, the district court denied Williams' motion. Following its decision to depart downward from the applicable sentencing range under the United States Sentencing Guidelines, the district court then sentenced Williams to sixty months' imprisonment and five years of supervised release. Both parties noted a timely appeal.

II.

On appeal, Williams first contends the government failed to present sufficient evidence of an intent to distribute on his part, mandating reversal of his conviction for possessing heroin with the intent to distribute. Specifically, he argues that the relatively small amount

of her-
oin for which he was convicted of possessing is consistent with
personal use, not an intent to distribute, and the government did
not

3

present any other evidence from which the jury could have inferred an intent to distribute.

We must sustain a conviction if there is substantial evidence to support it when the evidence and reasonable inferences to be drawn therefrom are viewed in the light most favorable to the government. See Glasser, 315 U.S. at 80; United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996), cert. denied, 117 S. Ct. 1087 (1997). "[I]n the context of a criminal action, substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862. When reviewing the sufficiency of the evidence, we must remember that it is "[t]he jury, not the review-ing court, [that] weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpre-tation to believe." United States v. Murphy , 35 F.3d 143, 148 (4th Cir. 1994) (citations omitted), cert. denied, 115 S. Ct. 954 (1995).

In order to convict a defendant of possession of heroin with intent to distribute under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), the govern-ment must present sufficient proof of, among other things, the defen-dant's specific intent to distribute. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). While possession of a small amount of drugs, standing alone, is an insufficient basis from which to infer an intent to distribute, if such possession is bolstered by other evi-dence probative of an intent to distribute, a jury can justifiably infer an intent to distribute. See id.; United States v. Delpit, 94 F.3d 1134, 1153 (8th Cir. 1996). The presence of large amounts of cash, the pres-ence of drug paraphernalia, firearms, and other evidence of drug deal-ing, and the manner in which the drugs are packaged are all factors that can support an inference of an intent to distribute. See Fisher, 912 F.2d at 730-31.

We need not decide whether possession of .794 grams of heroin by

itself is a sufficient basis from which a jury may infer an intent to dis-
tribute, because the .794 grams of heroin coupled with the other evi-
dence presented in this case clearly supports the jury's finding of an
intent to distribute. Williams possessed heroin packaged in plastic
baggies. Such packaging is typical of the packaging used for the retail

4

sale of drugs. See Fisher, 912 F.2d 728, 731 ("Baggies and baggie corners are well known tools of the narcotics distribution trade."). The
three hundred and thirty dollars in cash found in Williams' possession
is additional circumstantial evidence from which the jury could have
inferred an intent to distribute. Such an amount of cash is significant
when one considers, as Williams admitted at trial, that he was not allowed to possess any money as an inmate at Lorton. Finally, the government presented evidence that the baggies containing the heroin
were found in a surgical glove wrapped in a one hundred dollar bill,
suggesting a retail connection between the heroin and the cash. Because the government presented sufficient evidence from which the jury could have inferred Williams' intent to distribute, we affirm his
conviction for possession of heroin with intent to distribute.

III.

Next, Williams argues the district court erred by denying his motion for a new trial based on newly discovered evidence. See FED. R. CRIM. P. 33. The newly discovered evidence consisted of an affida-
vit by McCajah Harris (Harris), a fellow inmate, in which Harris states that while standing next to Williams during the shakedown search on July 4, 1994, he (Harris) dropped heroin on the ground to avoid being caught with it on his person. According to Harris, this was the same heroin that is the subject of Williams' convictions. In
response to Williams' new trial motion, the government submitted an investigative statement taken from Harris by an agent with the Federal
Bureau of Investigation (FBI) in which Harris described the heroin that he dropped during the shakedown as being packaged in two plas- tic vials and weighing almost three grams. The government also sub- mitted a transcript of Harris' testimony before a federal grand jury in
which he similarly described the heroin.

A district court should only grant a motion for a new trial based on
newly discovered evidence if: (1) the evidence is newly discovered; (2) the court may infer diligence on the part of the movant in discov-
ering the evidence from the facts alleged; (3) the evidence relied upon
is not merely cumulative or impeaching; (4) the evidence is material
to the issues involved; and (5) the evidence would probably result

in
acquittal at a new trial. <u>See United States v. Singh</u>, 54 F.3d 1182, 1190
(4th Cir. 1995). We review a district court's denial of a motion for

new trial based on newly discovered evidence for abuse of discretion. See Singh, 54 F.3d at 1190.

Here, the district court concluded that although the motion met the first four prongs, it should be denied because it failed to meet the fifth prong--the evidence would probably not result in an acquittal. According to the district court, the evidence would probably not result in an acquittal because Harris identified heroin that was "in a form . . . substantially, drastically different than that of which [Williams] was accused and convicted of possessing." (J.A. 182).

We find no abuse of discretion. Harris obviously described heroin very different in critical respects (packaging and amount) from the heroin that was described by the two correctional officers at trial. The discrepancies between the two descriptions are simply not, as Williams characterizes them in his brief, "minor inconsistencies." (Appellant's Br. at 12). We agree with the district court that given the drastic differences in descriptions of the heroin, the newly discovered evidence would probably not have resulted in acquittal.

IV.

We now turn to the government's challenge to Williams' sentence. At sentencing, the district court first determined that Williams qualified to be sentenced as a career offender, see U.S. SENTENCING GUIDELINES MANUAL (USSG) § 4B1.1, because: (1) he was at least 18 years old at the time he committed the instant offenses of conviction; (2) the instant offenses of conviction were controlled substance offenses; and (3) Williams had two prior felony convictions for crimes of violence. See USSG § 4B1.1; (J.A. 193-94, 203, 214). Application of the Career Offender Guideline resulted in a total offense level for Williams of thirty-two and a criminal history category of VI, producing a sentencing range of 210 to 262 months' imprisonment. The district court next concluded that the Career Offender Guideline substantially overstated Williams' criminal history and, if applied, would produce a sentence substantially disparate to the nature of his offenses. Believing these circumstances to warrant a downward departure in Williams' sentence from the Career Offender Guideline, the district court sentenced Williams to sixty

months' imprisonment.

6

On appeal, the government challenges the district court's downward departure on two grounds: (1) the district court erred by concluding that application of the Career Offender Guideline overstates Williams' criminal history and would produce a sentence substantially disparate to the nature of Williams' offenses; and (2) the district court failed to set forth on the record a principled justification to support the extent of its departure as required by our circuit precedent, see United States v. Gary, 18 F.3d 1123, 1131 (4th Cir. 1994). Williams concedes that he qualifies to be sentenced as a career offender, but urges affirmance of the district court's downward departure from the Career Offender Guideline.

A district court must impose a sentence within the range that results from a proper application of the Guidelines"unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). After the district court sentenced Williams, the Supreme Court decided Koon v. United States, 116 S. Ct. 2035 (1996), in which the Court set forth the analysis that a sentencing court must employ in determining whether it may depart from the applicable guideline range.

Consistent with Koon, in United States v. Rybicki, 96 F.3d 754 (4th Cir. 1996), we prescribed the following five step analysis for a district court to follow when deciding whether to depart from the applicable guideline range. First, the district court must determine the circumstances and consequences of the offense of conviction. See id. at 757. Second, the district court must decide whether any of the circumstances or consequences of the offense of conviction appear atypical, such that they potentially take the case out of the applicable guideline's heartland. See id. Third, having identified factors that may potentially remove a case from the applicable guideline's heartland, the district court must determine whether the factor is a forbidden, encouraged, discouraged or unmentioned basis for departure. See id. Fourth, if a factor is encouraged, the district court must

determine whether the applicable guideline already adequately takes the factor into account, and if it does, then the district court may not rely upon it. See id. at 757-58. The district court may rely on a discouraged fac-

7

tor if it determines the factor to be present to an exceptional degree
or in some other way that makes the case different from the ordinary
case where the factor is present. See id. at 758. The district court may
rely on an unmentioned factor if the district court determines that the
structure and theory of both the relevant individual guideline(s) and
the Guidelines as a whole take the case out of the applicable guideline's heartland. See id. And finally, fifth, the district court must consider whether the factors appropriately classified and considered take
the case out of the applicable guideline's heartland, such that a departure from the specified sentencing range of the applicable guideline
is warranted. See id.

Once the district court has determined that a departure from the specified sentencing range is warranted, the next step is for the district
court to determine the extent of the warranted departure. See Gary, 18
F.3d at 1131. To aid appellate review, the district court must set forth
on the record some form of principled justification for the extent of
its departure. See id. We have approved of at least two methods by which a district court may justify the extent of its departure. A district
court may analogize to a guideline that most closely approximates the
defendant's conduct, see id., or it may use the level-by-level approach
developed in United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992). When departing downward under the level-by-level approach, the district court should move to successively lower offense levels or
lower criminal history categories only upon a finding that the prior
offense level or criminal history category does not provide a sentence
that adequately reflects the stated reason(s) for departure. See id.;
United States v. Harrison, 58 F.3d 115, 117-18 (4th Cir. 1995).

Because the district court did not have the benefit of Koon, it did
not conduct a Koon-type analysis before departing downward in Williams' sentence. Furthermore, the district court did not set forth

a
principled justification for the extent of its departure as required by
our circuit precedent. See Gary, 18 F.3d at 1131. Indeed, the district
court did not even attempt to set forth such a justification. The record
merely contains the district court's bare conclusion that the Career
Offender Guideline substantially overstated Williams' criminal history and, if applied, would produce a sentence substantially disparate
to the nature of his offenses. Under these circumstances, it is appro-
priate to vacate Williams' sentence and remand for resentencing. If

the district court determines on resentencing that a downward departure is still warranted, it should conduct a <u>Koon</u>-type analysis as outlined in <u>Rybicki</u>, 96 F.3d at 757-58, and offer a principled justification for the extent of its departure.

V.

In conclusion, we affirm Williams' convictions, but vacate his sentence and remand for resentencing consistent with this opinion.

<u>AFFIRMED IN PART, VACATED IN PART</u>
<u>AND REMANDED FOR RESENTENCING</u>

9