Filed:  October 17, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Nos. 94-5360(L)

United States of America,

Plaintiff - Appellant,

versus

Theodore T. Rybicki,

Defendant - Appellee.

O R D E R

The Court amends its opinion filed September 26, 1996, as follows:

On page 2, section 1, lines 1-2 -- "William G. Otis, Senior Litigation Counsel" is added to the attorney information.

For the Court - By Direction

/s/ Patricia S. Connor
_____
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                              No. 94-5360

THEODORE T. RYBICKI,
Defendant-Appellee.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 94-5362

THEODORE T. RYBICKI,
Defendant-Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 95-6636)

Decided on Remand: September 26, 1996

Before WILKINSON, Chief Judge, and NIEMEYER, Circuit
Judge.*

_____

Affirmed in part, reversed in part, and remanded by published opin-
ion. Judge Niemeyer wrote the opinion, in which Chief Judge Wilkin-
son joined.

_____

*Because Senior Judge Sprouse has retired since originally sitting on
this case, the case is decided by a quorum of the panel. See 28 U.S.C.
§ 46(d).

**COUNSEL**

Helen F. Fahey, United States Attorney, William G. Otis, Senior Litigation Counsel, Mark J. Hulkower, Assistant United States Attorney, John N. Nassikas, III, Assistant United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alexandria, Virginia, for Appellant. Charles Frederick Daum, HANSON & MOLLOY, Washington, D.C., for Appellee.

_____

**OPINION**

NIEMEYER, Circuit Judge:

In United States v. Rybicki, Nos. 94-5360, 94-5362, 1995 WL 420001 (4th Cir. July 13, 1995) (unpublished), we affirmed Theodore Rybicki's convictions for conspiracy and perjury as well as the district court's refusal, in sentencing him, to enhance his sentence five levels based on the amount of loss to the government. To allow the district court to consider whether Rybicki's sentence should be enhanced for obstruction of justice, however, we vacated his sentence and remanded for resentencing. Finally, we reversed the district court's five-level downward departure, concluding that the court had erred in relying on factors that the Sentencing Guidelines specify are not ordinarily relevant.

On June 13, 1996, the Supreme Court handed down its decision in Koon v. United States, 116 S. Ct. 2035 (1996), announcing that a district court's decision to depart from the Sentencing Guidelines in an "atypical" case is to be reviewed for abuse of discretion. Shortly thereafter, the Supreme Court also vacated the judgment in Rybicki and remanded that case for "further consideration" in light of Koon. Rybicki v. United States, 116 S. Ct. 2543 (1996).

Having now considered Koon, we adhere to our earlier ruling, but modify the reasoning behind our decision to reverse the district court's five-level downward departure.

I

Under the Sentencing Guidelines, a district court must ordinarily impose sentences within the range specified by the applicable guide-

2

line. Each guideline attempts to anticipate a broad range of typical cases -- a "heartland" -- that is representative of the circumstances and consequences of ordinary crimes of the type to which the guideline applies. Koon, 116 S. Ct. at 2044. Only if the district court determines that the circumstances and consequences of a case are "atypical" or "unusual" and, therefore, that the case does not fall within the guideline's heartland may it exercise discretion to depart from the specified sentencing range. See 18 U.S.C. § 3553(b) (authorizing departure when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission"). To determine whether a circumstance or consequence is "atypical" or "unusual," and, therefore, capable of taking a case out of the applicable guideline's heartland, district courts should consider not only the Guidelines themselves, but also the Sentencing Commission's policy statements and official commentary. Koon, 116 S. Ct. at 2044.

Even in exercising their discretion to depart in atypical cases, however, sentencing courts are not left "adrift." Koon, 116 S. Ct. at 2045. To retain a degree of uniformity in sentencing, courts' departure decisions must remain guided by the Sentencing Guidelines. Consistently with Koon, therefore, we prescribe the following analysis for sentencing courts to follow when deciding whether to depart, and we clarify the standards for review of departure decisions:

> 1. The district court must first determine the circumstances and consequences of the offense of conviction. This is a factual inquiry which is reviewed only for clear error.
>
> 2. The district court must then decide whether any of the circumstances or consequences of the offense of conviction appear "atypical," such that they potentially take the case out of the applicable guideline's heartland. This determination will necessarily be informed by the district court's experience in criminal sentencing. Unlike the other steps in this analysis, a district court's identification of factors for potential consideration is purely analytical and, therefore, is never subject to appellate review.
>
> 3. Having identified factors that may potentially remove a case from the applicable guideline's heartland, the district

3

court must identify each according to the Guidelines' classifications as a "forbidden," "encouraged," "discouraged," or "unmentioned" basis for departure. Because a court's classification of potential bases for departure is a matter of guideline interpretation, we review such rulings <u>de novo</u> in the context of our ultimate review for abuse of discretion. <u>See Koon</u>, 116 S. Ct. at 2047 ("whether a factor is a permissible basis for departure under <u>any</u> circumstances is a question of law" (emphasis added)). And "[a] district court by definition abuses its discretion when it makes an error of law." <u>Id</u>. A factor classified as "forbidden," <u>see</u>, <u>e.g.</u>, U.S.S.G. § 5H1.10 (race, sex, national origin, creed, religion, socio-economic status); U.S.S.G. § 5H1.12 (lack of guidance during youth); U.S.S.G. § 5H1.4 (drug or alcohol dependence); U.S.S.G. § 5K2.12 (economic hardship), can never provide a basis for departure and its consideration ends at this step. <u>See Koon</u>, 116 S. Ct. at 2044.

4. Factors that are "encouraged," "discouraged," or "unmentioned" require further analysis. "Encouraged" factors, <u>see</u>, <u>e.g.</u>, U.S.S.G. § 5K2.10 (victim provocation as a downward departure factor); U.S.S.G. § 5K2.7 (disruption of governmental function as an upward departure factor), are usually appropriate bases for departure. But such factors may not be relied upon if already adequately taken into account by the applicable guideline, and that legal analysis involves interpreting the applicable guideline, which we review <u>de novo</u> to determine whether the district court abused its discretion. <u>Koon</u>, 116 S. Ct. at 2045, 2047. Conversely, "discouraged" factors, <u>see</u>, <u>e.g.</u>, U.S.S.G. § 5H1.6 (family ties and responsibilities); U.S.S.G. § 5H1.2 (education and vocational skills); U.S.S.G. § 5H1.11 (military, civic, charitable, or public service), are "`not ordinarily relevant,'" but may be relied upon as bases for departure "`in exceptional cases,'" e.g., where "the factor is present to an exceptional degree or in some other way [that] makes the case different from the ordinary case where the factor is present." <u>Koon</u>, 116 S. Ct. at 2045 (quoting U.S.S.G. ch. 5, pt. H, intro. comment.). When the determination of whether a factor is present to an exceptional degree amounts merely

4

to an evaluation of a showing's adequacy, it becomes a legal question, and our review is _de novo_ to determine whether the district court abused its discretion. Finally, although the Sentencing Commission expects departures based on "unmentioned" factors to be "`highly infrequent,'" Koon, 116 S. Ct. at 2045 (quoting U.S.S.G. ch. 1, pt. A, comment 4(b)), such factors may justify a departure where the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole" indicate that they take a case out of the applicable guideline's heartland. Id. (citation omitted). The interpretation of whether the Guidelines' structure and theory allow for a departure is, again, a legal question subject to _de novo_ review to determine whether the district court abused its discretion.

5. As the last step, the district court must consider whether circumstances and consequences appropriately classified and considered take the case out of the applicable guideline's heartland and whether a departure from the guideline's specified sentencing range is therefore warranted. Because this step requires the sentencing court to "make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing" and its comparison of the case with other Guidelines cases, this part of the departure analysis "embodies the traditional exercise of discretion by [the] sentencing court." Id. at 2046-47. While we review this ultimate departure decision for abuse of discretion, id. at 2047-48, if the district court bases its departure decision on a factual determination, our review of that underlying determination is for clear error. And if the court's departure is based on a misinterpretation of the Guidelines, our review of that underlying ruling is _de novo_. See id. at 2046-48.

With the foregoing analytical procedures in hand, we now turn to this case to apply them to the district court's five-level downward departure.

II

In sentencing Rybicki, the district court based its downward departure on the confluence of six factors: (1) Rybicki was a highly deco-

5

rated Vietnam War veteran who had saved a civilian's life during the My Lai incident and had an unblemished record of 20 years of service to his country, both in the military and in the Secret Service; (2) he had a nine-year-old son with neurological problems who was in need of special supervision, and his wife's mental health was fragile; (3) he is recovering from an alcohol abuse problem and requires counseling; (4) his offense was not relatively serious because his scheme to defraud did not involve "real fraud"; (5) his imprisonment would be "more onerous" because law enforcement officers "suffer disproportionate problems when they are incarcerated"; and (6) his status as a convicted felon -- which prohibits him, an experienced firearms handler and instructor, from ever touching a firearm again and from voting for the rest of his life -- constitutes sufficient punishment when coupled with his sentence of probation. The court concluded that a prison term "makes absolutely no sense in this case."

Assuming that the district court's factual findings are not clearly erroneous, we review whether these facts take this case out of the applicable guideline's heartland.

Rybicki's alcohol problem is addressed by the Sentencing Guidelines as a "forbidden" basis for departure. See U.S.S.G. § 5H1.4 ("Drug or alcohol dependence or abuse is not a reason for imposing a sentence below the guidelines"). It was thus legal error and per se an abuse of discretion for the district court to have relied on this factor for departing.

Rybicki's 20 years of unblemished service to the United States and his responsibilities to his son and wife, both of whom have medical problems, are also factors that the Sentencing Guidelines have expressly addressed, instructing that they are ordinarily not relevant and therefore "discouraged." See U.S.S.G. §§ 5H1.11, 5H1.6; see also United States v. Goff, 907 F.2d 1441, 1446 (4th Cir. 1990). Because the record does not indicate that these factors are present to an "exceptional" degree, they may not form the basis for a downward departure.

The last three factors identified by the district court -- that Rybicki's fraud was not really serious fraud since no one was hurt; that as a law enforcement officer he will suffer disproportionately when

6

incarcerated; and that his status as a convicted felon will constitute sufficient punishment -- are all "unmentioned" factors. We conclude, however, that none of these factors warranted the district court's downward departure in this case because a departure based on the first two reasons is inconsistent with the structure and theory of the relevant guidelines, see Koon, 116 S. Ct. at 2045, and the third factor is not present to an exceptional degree, id.

On the nature of Rybicki's fraud, Congress has specified the elements of the crimes for which Rybicki was convicted, the jury convicted him, and the district court did not set aside those convictions for insufficiency of the evidence. Accordingly, the district court must now yield to the conclusion that Rybicki was convicted of "real fraud." In basing its departure on a factor that the Sentencing Commission fully considered in drafting the applicable fraud guideline, the district court committed legal error.

Rybicki's exposure to extraordinary punishment might, in appropriate circumstances, be a basis for departure, as recognized in Koon. See 116 S. Ct. at 2053. But the district court did not identify any such circumstances in this case. It merely stated that all law enforcement officers "suffer disproportionate problems when they are incarcerated," suggesting that law enforcement officers, as a class, are entitled to more favorable treatment under the Sentencing Guidelines. We do not find any indication that either Congress or the Sentencing Commission intended to shield law enforcement officers as a group from the otherwise universally applicable effects of incarceration on convicted criminals. The district court's attempt to do what Congress and the Commission declined to do constitutes legal error.

Finally, the effects on Rybicki of his status as a convicted felon are far from atypical. While it is true that Rybicki is a firearms handler and instructor, job loss or disqualification from future employment is a factor that the Koon Court, in analogous circumstances, found insufficient to warrant a downward departure. See 116 S. Ct. at 2052 (noting that it is "not unusual for a public official who is convicted of using his governmental authority to violate a person's rights to lose his or her job and to be barred from future work in that field"). Nor can we agree that Rybicki's disqualification from voting, a conse-

7

quence visited upon every convicted felon, takes this case out of the applicable guideline's heartland.

Because none of the six factors underlying the district court's decision justified a departure from the applicable guideline range, we conclude that the court abused its discretion in granting Rybicki a five-level downward departure.

III

For the reasons given in our original opinion, but with this opinion's modifications to Part V, section C, we affirm Rybicki's convictions, vacate his sentence, and remand for resentencing.

<u>AFFIRMED IN PART, REVERSED IN PART, AND REMANDED</u>

8