**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4682

KENNETH DWAYNE LOCKLEAR,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-96-44-BR)

Submitted: March 11, 1997

Decided: April 17, 1997

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gale M. Adams, Assistant Federal Public Defender, Fayetteville,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Christine B. Hamilton, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Dwayne Locklear was convicted, pursuant to his guilty pleas, of one count each of armed bank robbery and aiding and abetting same (18 U.S.C. § 2113(a), (d) (1994) and 18 U.S.C. § 2 (1994)) and using and carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c) (1994)). During the sentencing hearing, the district court departed upward from the applicable Guidelines[1] range. On appeal, Locklear argues that the district court abused its discretion when it departed upward from the Guidelines. Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Locklear and a co-defendant entered a bank brandishing weapons while another co-defendant waited in a nearby car. During the course of the robbery, Locklear shot and wounded a bank teller who was setting off a silent alarm. While the trio managed to escape with approximately $2,000, they were all arrested the next day.

The district court justified the departure by finding that the case presented an anomalous sentencing situation in which Locklear would receive a lower sentence by virtue of the firearm conviction than if he had received an enhancement to his base offense level for discharging the firearm.[2] The district court applied the formula found in USSG § 2K2.4, comment. (n.2) in determining the sentencing range to which it would depart. The district court also considered intervening sentencing ranges.

A trial judge's decision to depart from the Sentencing Guidelines in an atypical case is reviewed for an abuse of discretion. <u>Koon v.</u>

_____

[1] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).
[2] <u>See</u> USSG § 2B3.1 (b)(2)(A) (authorizing a seven-level enhancement for discharging a firearm during a robbery); USSG§ 2K2.4, comment. (n.2) (providing that when a sentence is imposed pursuant to a conviction under § 924(c), the enhancement for discharging a firearm cannot be applied).

2

United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 94-1664, 94-8842); United States v. Rybicki, 96 F.3d 754 (4th Cir. 1996). Applying the standards set forth in Koon and Rybicki, we find that the district court did not abuse its discretion in departing upward from the Sentencing Guidelines. Both Congress and the Sentencing Commission recognized that such a sentencing anomaly might occur and specifically authorized departure in USSG § 2K2.4, comment. (n.2). Contrary to Locklear's assertions, there is no evidence in the record suggesting that the district court felt compelled to make the departure. We find that the district court was aware that such a departure was a matter of discretion, and it chose to make the departure because the facts of the case warranted it.

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3