**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4305

ABRAHAM HAIDARA, a/k/a Abraham
Harrison,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-95-138-MU)

Submitted: February 25, 1997

Decided: April 28, 1997

Before ERVIN and WILLIAMS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, David A. Brown, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abraham Haidara appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of conspiring to use and of using counterfeit credit cards in violation of 18 U.S.C. § 1029 (1994). Haidara challenges the district court's decision to admit the testimony of certain Government witnesses at his trial, the sufficiency of the evidence to support his conviction, and the court's decision, at sentencing, to depart upward from the sentencing range provided by the United States Sentencing Guidelines. Finding no reversible error, we affirm.

Initially, we find that the district court did not abuse its discretion by permitting United States Secret Service Agent Winand to testify regarding the counterfeit nature of the credit cards used by Haidara and his co-defendant, Betty Woods, in their scheme. Haidara complains that he did not receive proper notice of Agent Winand's testimony prior to trial under Fed. R. Crim. P. 16(a)(1)(E). The rule, however, requires notice only when the defendant requests such disclosure, and Haidara does not even allege that he requested disclosure in this case. Moreover, we find that Haidara cannot claim surprise because this information was available at all times to the defense by virtue of the Government's "open file" policy. See United States v. Amend, 791 F.2d 1120, 1124-25 (4th Cir. 1986).

Haidara also contends that the testimony was irrelevant and redundant because he had already stipulated to the counterfeit nature of the credit cards. To the extent that Agent Winand's testimony was redundant, we find that Haidara has shown no prejudice resulting from such redundancy. Moreover, it is clear that Agent Winand's testimony was not irrelevant, as he testified not only to the counterfeit nature of the cards but also to the technology and methods used to create the cards.

2

Haidara also objects on appeal to the district court's decision to admit the testimony of Secret Service Agent Stone, who summarized evidence of credit card charges and wire transfers. Because Haidara did not object to this testimony at trial, he has waived appellate review of this contention absent plain error. See Fed. R. Crim. P. 52; United States v. Olano, 507 U.S. 725 (1993); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Plain error exists where there is: (1) an error; (2) which is plain; (3) which is so prejudicial as to affect the outcome of the proceedings; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994). We find no error in the admission of Agent Stone's testimony.

Stone summarized for the jury business records provided by Western Union and the banks that had issued the legitimate credit card numbers used by Haidara and Woods in their scheme. These records were admitted into evidence prior to Stone's testimony and reflected information such as the dates and locations in which unauthorized persons used legitimate credit card numbers to fraudulently obtain cash, goods, or services. Haidara avers that by admitting Stone's testimony, the court impermissibly permitted him to vouch for the credibility of these records, and to infer that the defendants were the persons who actually made the fraudulent credit card charges, even though in some instances, there were no credit card imprints available to prove the actual card used in the transactions.

Haidara's contentions are without merit. Stone's testimony was admissible under Federal Rule of Evidence 1006, which permits the presentation of summary testimony to describe the contents of "voluminous writings, recordings, or photographs which cannot conveniently be examined in court." Id. While Haidara relies on our decision in United States v. Johnson, 54 F.3d 1150 (4th Cir. 1995), where we noted general concerns about the use of summaries and charts in federal drug prosecutions, such reliance is misplaced because that case involved the use of charts and summary testimony to describe earlier testimony, rather than the use of summary testimony to describe written records. Id. at 1158 n.8. Moreover, in Johnson, we found that summary testimony may be properly admitted under Rule 611(a) of the Federal Rules of Evidence if the evidence

3

aids the jury in ascertaining the truth and is not overly prejudicial to the defendant. Id.

In this case, Stone testified that some of the records he summarized were difficult to read, and the information therein was sometimes difficult to discern. His testimony therefore assisted the jury to ascertain the truth. Moreover, we find no basis for concluding that the summary testimony was prejudicial to Haidara. We note that Haidara identifies no instance where Stone went beyond a mere description of the information in the documents and, as he maintains, "told the jury that his investigation . . . [justified] the assumption that the charges for which there were no imprints or any documentation as to where they occurred were made by the defendants." Moreover, the trial court provided defense counsel every opportunity to cross-examine Stone, and explicitly instructed the jury that Stone's testimony was offered for the purpose of summarizing documentary evidence. Stone's testimony was therefore admissible under either Rule 1006 or Rule 611(a).

Stone next challenges the district court's decision to deny his motions for acquittal. A denial of a motion for acquittal is reviewed under a sufficiency of the evidence standard. Fed. R. Crim. P. 29. To sustain a conviction, substantial evidence viewed in the light most favorable to the government must support the conviction beyond a reasonable doubt. See United States v. Burgos , 94 F.3d 849, 860 (4th Cir. 1996) (en banc); see Glasser v. United States, 315 U.S. 60, 80 (1942).

The Government in this case submitted evidence showing that Haidara traveled with Woods for several weeks in North Carolina obtaining tens of thousands of dollars worth of cash, goods, and services through the use of counterfeit credit cards. On the day that Haidara and Woods were arrested, Haidara drove Woods to three different banks located within a mile and a half of each other where Woods obtained or attempted to obtain cash advances of $2,000 from each bank. Officials at the third bank visited by the defendants recognized that the cards and identification submitted by Woods were counterfeit and contacted the Secret Service. The secret service agent who arrived at the scene just as Woods was leaving the bank and entering the car driven by Haidara.

4

Upon noticing that he was being followed, Haidara led the agent on a high-speed chase through a residential area before finally pulling over. A search of the vehicle uncovered five counterfeit credit cards in a man's sock in the trunk, and another counterfeit card over the sun visor on the driver's side of the car. The agent also recovered cash denominations on Haidara's person matching almost exactly the denominations Woods received from the second bank the two visited on the day of their arrest. During his pretrial detention, Haidara confessed his involvement in the scheme to two other inmates and tried to recruit them for another scheme he planned to begin upon their release. While Haidara attacks the credibility of these inmates, it was within the province of the jury to decide whether these witnesses were believable. See United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995). While the record contains further evidence of guilt, we find that the evidence discussed is more than sufficient to support the jury's verdict.

We turn next to the district court's decisions at sentencing to depart upward from the guidelines. The court departed upward by four levels based on Haidara's subornation of Woods's perjury. The court found that Woods's testimony at trial that Haidara was unaware of her illegal activities was "absolutely unbelievable." It further found that Haidara had persuaded Woods prior to their arrests to lie for him if they got caught. The court acknowledged that the guidelines ordinarily contemplate only a two-level enhancement for subornation of perjury, see U.S. Sentencing Guidelines Manual § 3C1.1 (1995), but found that enhancement inadequate to suit the nature of the offense in this case.

A sentencing court may depart from the specified sentencing range of the guidelines where it finds that the circumstances or consequences of a case are so atypical as to fall outside the "heartland" of cases to which the guidelines ordinarily apply. See United States v. Rybicki, 96 F.3d 754, 757 (4th Cir. 1996). The court may depart "even though the reason for departure is taken into consideration in the guidelines . . . if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0. We first note that, contrary to Haidara's assertions, the evidence firmly supports the district court's factual determination that Haidara persuaded Woods to lie for him. The evidence therefore

5

clearly supports at least a two-level enhancement under section 3C1.1.

We find, however, that the district court committed no error by finding this case outside the heartland of typical cases involving subornation of perjury. Section 5K2.7 of the guidelines authorizes departures for conduct involving disruption of a governmental function. In this case, Haidara and Woods concocted a scheme to obstruct justice by agreeing that Woods would enter into a favorable plea agreement in which she would admit to Haidara's involvement, but would then testify inconsistently with this admission at Haidara's trial in order to absolve Haidara. In United States v. Pulley, 922 F.2d 1283 (6th Cir. 1991), the Sixth Circuit rejected the defendant's contention that § 3C1.1 adequately considered his conduct where he similarly concocted a scheme in which he persuaded several people to lie for him in order to absolve himself and his co-defendant. Id. at 1289. Accordingly, we conclude that the court did not err by departing upward in this case.

The district court also departed upward three additional levels based on the sophistication of the counterfeit cards used by the defendants. We reject Haidara's contention that the evidence was insufficient to conclude that the cards were unusually sophisticated. The testimony of Secret Service Agents Winand and Morris at trial and at sentencing amply supported the court's finding.

The court also correctly found that the applicable guideline did not take this factor into account. See U.S.S.G.§ 2F1.1.* The court then determined that this unmentioned factor was an aggravating factor which made the defendants' scheme particularly dangerous, and warranted an upward departure of three levels. We find that the district court did not abuse its discretion by finding that the sophisticated nature of the cards took this case outside the heartland of the applicable guideline. See Rybicki, 96 F.3d at 757-58. The court's finding that the sophisticated nature of the cards rendered this credit card scheme atypically dangerous was supported by Agent Morris's testimony that

_____

*We disagree with Haidara's contention that the court's upward adjustment for loss in excess of $40,000 already took into account the sophisticated nature of the cards.

6

the technology used to create some of the cards rendered detection of the fraudulent nature of the cards difficult.

Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>