**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

MICHAEL GUESS, a/k/a Michael
Hennessey,
Defendant-Appellee.

No. 97-4117

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-414-A)

Argued: October 30, 1997

Decided: December 12, 1997

Before MICHAEL, Circuit Judge, BUTZNER, Senior Circuit Judge,
and BULLOCK, Chief United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Eugene Joseph Rossi, OFFICE OF THE UNITED
STATES ATTORNEY, Alexandria, Virginia, for Appellant. John A.
Keats, LAW OFFICES OF JOHN A. KEATS, Fairfax, Virginia, for
Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney,
Glenn C. Alexander, Special Assistant United States Attorney, Alex-
andria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following the defendant's plea of guilty to being a felon in possession of a firearm (a .25 caliber pistol), 18 U.S.C.§ 922(g), with a Guideline range of 30-37 months, the district court granted a downward departure to a sentence of six months home confinement, followed by three years of probation, finding that the case was "atypical" because there was no evidence that the defendant intended to use the firearm to commit another crime. The Government appeals. For the reasons that follow, we vacate and remand for resentencing.

As a result of the execution of a search warrant at the residence of the defendant, officers found three firearms, including a .25 caliber pistol, in the basement area of the house. Although defendant admitted knowledge of the three firearms, defendant contended that they belonged to his stepbrother who stored them in the basement area of defendant's home which was occupied by defendant's stepfather. Despite his admitted knowledge of the three firearms, defendant claimed to have had dominion and control over the .25 caliber handgun only, which on several occasions had been brought by his live-in girlfriend to the upstairs area of the house, allegedly for protection while the defendant was away. After accepting the defendant's plea to possession of the .25 caliber handgun, and determining the Sentencing Guideline range to be 30 to 37 months imprisonment, the court granted the defendant's motion for downward departure, finding that under the facts and circumstances of the case it was "outside of the heartland of the typical Guideline" because there was no evidence that the defendant had any intent or plan to commit any illegal acts, and because the defendant never intended to exercise any dominion and control over the weapon. J.A. at 71-72.

The district court erred in concluding that defendant's lack of intent to commit another crime was basis for downward departure. U.S.S.G.

2

§ 2K2.1(b)(5) provides for upward departure when the defendant intends to commit some other crime. The Guidelines, therefore, place those cases involving mere possession within the heartland of 18 U.S.C. § 922(g). If an upward departure is warranted for a case where there is intent to commit an additional crime, and a downward departure warranted for a case where there is no such intent, then there would be no "heartland" for § 922(g) crimes. The purpose of § 922(g) is to prevent situations in which persons, who have by their criminal history demonstrated their inability to conform their conduct to the law, have possession and control over dangerous weapons. See Barrett v. United States, 423 U.S. 212, 218, 220-21 (1976) (interpreting a prior version of this section). Furthermore, to the extent that the district court relied upon its belief that there was no evidence that the defendant ever intended to exercise dominion and control over the weapon, such reliance was also error. Once a court accepts a defendant's guilty plea, the strength of the evidence is irrelevant to sentencing. See United States v. Rybicki, 96 F.3d 754, 759 (4th Cir. 1996).

The judgment of the district court is vacated and the case is remanded for resentencing.

VACATED AND REMANDED

3