UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4614

REDELL IVEY, JR., a/k/a Juvenile
Male,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-21-BO)

Submitted: April 30, 1999

Decided: May 24, 1999

Before WILKINS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States attorney, Banumathi Rangarajan,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Redell Ivey, Jr., appeals his criminal sentence imposed for kidnapping and aiding and abetting in the same, use and carry of a firearm during and in relation to a crime of violence and aiding and abetting in the same, and unauthorized use of an access device and aiding and abetting in the same, in violation of 18 U.S.C.A.§§ 2, 1201(a)(1), 924(c)(1), 1029(a)(5) (West 1994 & Supp. 1999). Ivey contends that the district court erred in upwardly departing from the guidelines range on the basis of physical restraint of the victim. We affirm.

A sentencing court may depart above the guideline range only if the court finds an aggravating factor of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. See 18 U.S.C.A. § 3553(b) (West Supp. 1998). The court's determination in this regard should focus on whether the factor is taken into account by the guidelines, policy statements, or commentary. See United States v. Barber, 119 F.3d 276, 280 (4th Cir.) (en banc), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3355 (U.S. Nov. 17, 1997) (No. 97-6446). If the court identifies a factor for which departure is encouraged, and the factor is not taken into account by the applicable guideline, the court has discretion to depart on that basis. See Koon v. United States, 518 U.S. 81, 96 (1996); United States v. Terry , 142 F.3d 702, 705 (4th Cir. 1998). But if the encouraged factor is already accounted for under the applicable guideline, a departure is possible only if the factor is present to an exceptional degree, or in some other way makes the case different from the ordinary case where the factor is present. See Koon, 518 U.S. at 96.

Ivey contends that the physical restraint of the victim in his offense was already taken into account by the relevant guidelines provisions, and asserts that he can therefore receive an enhancement for this behavior only if the level of restraint employed was present to a

2

degree sufficient to remove it from the "heartland" of the typical offense. A district court's decision that an encouraged factor is not adequately accounted for under the applicable guideline is reviewed de novo. <u>See Koon</u>, 518 U.S. at 95-96, 100; <u>see also United States v. Rybicki</u>, 96 F.3d 754, 757-58 (4th Cir. 1996). Review of the record under this standard reveals no error in Ivey's sentence. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3