**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 99-4265

WILLIAM EARL NICHOLSON, III,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 99-4437

LAQUAN DEMAR WHITTED,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-46)

Submitted: March 31, 2000

Decided: May 2, 2000

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Harold H. Chen, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Raleigh, North Carolina; William L. Davis, III, Lumberton, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Nicholson and Laquan Whitted appeal from their criminal judgments convicting them of conspiracy to commit a robbery by force and intimidation on a military reservation in violation of 18 U.S.C. § 371 (1994), and convicting Nicholson of robbery by force and intimidation on a military reservation in violation of 18 U.S.C. §§ 2, 2112 (1994). On appeal, both defendants challenge the sufficiency of the evidence of their convictions on all counts. In addition, Nicholson challenges the district court's taking of judicial notice of the fact that the robbery took place on Fort Bragg and the court's upward departure at sentencing due to his inadequate criminal history category under U.S. Sentencing Guidelines Manual § 4A1.3 (1998). Finding no error, we affirm.

We find that sufficient evidence supported the convictions of both Nicholson and Whitted. See Glasser v. United States, 315 U.S. 60, 80 (1942). The jury was entitled to make its own credibility findings regarding co-conspirator George Floore's testimony and resolve factual differences in the testimony of Floore and the victim, Edna Hartley. In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the govern-

2

ment. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999).

We also find that the district court did not plainly err, see Fed. R. Evid. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993), in failing to specifically instruct the jury that they could disregard judicially noticed facts regarding jurisdiction, because any error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings and did not result in a miscarriage of justice. At trial, Nicholson did not contest the fact that the gas station is located on Fort Bragg. There was testimony from three witnesses that the gas station was located on Fort Bragg: Agent Schmitt; the cashier, Edna Hartley; and George Floore. The jury was also instructed that they must find that the gas station was located within the special maritime and territorial jurisdiction of the United States. Therefore, the court did not plainly err.

Finally, Nicholson assigns error to the court's upward sentencing departure under USSG § 4A1.3 for an inadequate criminal history category, alleging that the court improperly relied upon an overturned conviction. This court reviews the district court's decision to depart upward from the guideline range for an abuse of discretion. See Koon v. United States, 518 U.S. 81, 100 (1996); United States v. Rybicki, 96 F.3d 754, 756-57 (4th Cir. 1996). Under USSG§ 4A1.3, an inadequate criminal history category is an encouraged ground for departure. When an encouraged factor is present, the district court must decide whether the factor is adequately accounted for in the applicable guideline range. This decision is reviewed de novo. See Rybicki, 96 F.3d at 758.

The guidelines do not require that only convictions be used to measure criminal history. See USSG § 4A1.3(e). Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy. See USSG § 6A1.3, comment. While Nicholson objected overall to an upward departure, he did not challenge the criminal conduct outlined in the Pre-Sentence Report (PSR) regarding the 1981 Missouri state conviction, later overturned with a resulting acquittal. We therefore find that the court did not abuse its discretion in considering the criminal conduct. Regardless, Nicholson's criminal

3

history was so extensive that the other convictions were sufficient to warrant the upward departure.

We therefore affirm the judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4