**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JOHN PAUL DYKE,
  *Defendant-Appellant.*

No. 02-4002

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-82)

Submitted: May 7, 2002

Decided: May 21, 2002

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Carolyn Virginia Grady, EPPERLY, FOLLIS & SCHORK, P.C.,
Richmond, Virginia, for Appellant. Paul J. McNulty, United States
Attorney, John S. Davis, Assistant United States Attorney, Peter B.
Baruch, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Paul Dyke appeals his 108-month sentence imposed after a guilty plea to wire fraud, in violation of 18 U.S.C. § 1343 (1994) and money laundering, in violation of 18 U.S.C. § 1957 (1994). We find the district court properly sentenced Dyke and affirm.

Dyke contends the district court erred in imposing a two-level enhancement pursuant to *United States Sentencing Guidelines Manual* § 2F1.1(b)(7) (1998) based on its finding that his fraudulent conduct involved the reckless risk of serious bodily injury and in imposing a four-level enhancement under §§ 3A1.1(b)(1) and (b)(2) for an offense involving a large number of unusually vulnerable victims. We review the district court's factual determinations for clear error. *See United States v. Turner*, 102 F.3d 1350, 1357-58 (4th Cir. 1996). Given the circumstances of Dyke's offense, we find the district court did not clearly err in applying the enhancements. *See United States v. Singh*, 54 F.3d 1182, 1191 (4th Cir. 1995).

Dyke also challenges the district court's seven-level upward departure for non-monetary loss and extreme conduct. We find the district court did not error in departing upward seven levels. *See United States v. Bonetti*, 277 F.3d 441, 449 (4th Cir. 2002); *United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996).

Accordingly, we affirm Dyke's 108-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*