**Toni Lynn NELSON, Movant,**

v.

**UNITED STATES of America, Respondent.**

**No. CIV.A. 2:00–0967.**
**No. CR. 2:99–00024–02.**

United States District Court,
S.D. West Virginia,
Charleston Division.

June 19, 2002.

C. Elizabeth Belmont, Director, Aimee Jackson, Student, Alderson Legal Assistance Program, Washington & Lee University School of Law, Lexington, VA, for Movant.

John J. Frail, Phillip H. Wright, Assistant United States Attorneys, Charleston, WV, for Respondent.

### MEMORANDUM OPINION AND AMENDED JUDGMENT ORDER

HADEN, Chief Judge.

On June 17, 2002 came the Defendant in person and with counsel, Aimee Jackson, third year law student, and Professor C. Elizabeth Belmont, Director of the Alderson Legal Assistance Program at Washington and Lee School of Law, and came the Government by John J. Frail and also came the Probation Officer, Larry Crawford, for a resentencing hearing.

This matter is before the Court pursuant to the Memorandum Opinion and Order of April 10, 2002 accepting and incorporating therein the Magistrate Judge's Findings and Recommendation which granted Movant's motion pursuant to 28 U.S.C. § 2255. At resentencing, the Court found the base offense level to be 28. Defendant was given a two-point reduction because her case fell within the terms of the safety valve proviso of U.S.S.G. § 2D1.1(b)(6). She was awarded a further three point reduction for acceptance of responsibility. Accordingly, the Defendant came before the Court for resentencing with a total offense level of 23 and a criminal history category of I. These findings place the Defendant within a guideline range of 46 to 57 months, a supervised release term of at least three years, a fine range of $10,000 to $1,000,000, and a special assessment of $100.00, which was paid previously.

Defendant moved for a downward departure. In considering the departure, the Court has reviewed and analyzed *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), and its progeny in this circuit, including *United States v. Alejo–Alejo*, 286 F.3d 711, 714–15 (4th Cir. 2002); *United States v. Rybicki*, 96 F.3d 754, 757–58 (4th Cir.1996); and *United States v. Scheetz*, 293 F.3d 175, ——, slip op. at 20 (4th Cir.2002). The Court first looks to the atypicality of the circumstances or consequences in this case that may remove it from the heartland. Defendant's anticipated release date as calculated by the Bureau of Prisons was longer than it otherwise would have been if her former counsel had not been derelict. Her later, anticipated release date caused her entry into the intensive substance abuse treatment program to be delayed. She has now finished the program and will graduate shortly. Were her sentence correctly calculated initially, her anticipated release date would have been as early as March 2002. The Court also notes Defendant has been entrusted with extraordinary responsibilities by BOP staff during incarceration, including service as in in-

mate driver, and permitted to use a vehicle outside the federal prison camp where she is housed.

The Court next identifies whether these atypical circumstances or consequences are either forbidden, encouraged, discouraged or unmentioned. The Court concludes there exists a mitigating factor of a kind or to a degree not adequately taken into consideration by the Commission in formulating the guidelines. The guidelines do not take into account and do not address the curious interplay of sentencing problems that operated here to effectively lengthen the sentence of incarceration Defendant would otherwise have served. As such, the factor identified by the Court is unmentioned.

The Court next looks to the nature of the unmentioned factor by taking into consideration the structure and theory of both the relevant individual guideline and the guidelines taken as a whole. After considering these issues, no principle present in either the individual guideline or the guidelines *in toto* are offended by a *Koon* departure to aid in correcting the sentencing problems Movant has faced and the prejudice that has inured to her as a result. In sum, the guidelines impose no obstacle to a downward departure based on the unmentioned factor identified herein.

The final question is whether the circumstances presented are sufficient to remove the case from the heartland of the applicable guideline and, if so, the justification for the extent of the departure. At the outset, the Court is aware of the admonition that departures based on unmentioned factors should be "highly infrequent." *Alejo–Alejo*, 286 F.3d at 714–15. Indeed, the Court cannot recollect a case since *Koon* in which it has relied on an unmentioned factor in working either an upward or downward departure. Further,

consistent with statistical results from prior years, this Court recently has been comparatively very frugal in granting downward departures from the otherwise applicable guideline range. *See* United States Sentencing Commission, *Annual Report on Departures in the Southern District of West Virginia* (July 2001) (noting of 267 defendants sentenced in this district, only eleven, or 4.1%, received a downward departure).

Nevertheless, the unique combination of sentencing problems in this case have worked an injustice to Movant unremediable by the conventional tools available to the Court under the Code or the guidelines. Of greatest moment is the fact that if Movant is resentenced to the bottom of the guideline range, she will arguably be deprived of any benefits she might have otherwise have received for successful completion of the intensive substance abuse treatment program. This is truly a factual scenario residing outside the heartland and one the Commission did not envisage in drafting the guidelines.

In determining the extent of the departure, our Court of Appeals has instructed trial judges to explicate principled justifications for the determinations. The Court concludes that based on the nature of the unmentioned factor and the desire to reward Defendant for her successful completion of the substance abuse treatment program, a three level departure to a total offense level of 20, is appropriate. Accordingly, Defendant's revised sentencing range will be 33 to 41 months. The Court imposes sentence as follows:

1. Thirty-six (36) months imprisonment, or time served, whichever is shortest;

2. A four-year supervised release term, with a special condition Defendant serve the first eight months of the term on home

confinement. Defendant shall absent herself from home during this period only for purposes of attending work or church, for receipt of medical treatment for her child or herself, and to attend drug rehabilitation treatment as directed by the probation officer; and

3. With the exception of these modifications, the requirements and directives of the Court's prior sentence remain in full force and effect.

In its brief Order of June 17, 2002 releasing the Movant forthwith, the Court noted it might enter a judgment and full memorandum of sentencing and statement of reason. The material that would appear within those two documents are adequately addressed herein. Accordingly, the Court concludes this Memorandum Opinion and Amended Judgment Order satisfactorily achieves the sentence modification and directs a copy of this document be placed in Movant's criminal file as well.

This civil action is **DISMISSED** and the Clerk is directed to remove it from the active docket.

The Clerk is directed to publish this Memorandum Opinion and Amended Judgment Order on the Court's website at *www.wvsd.uscourts.gov* and to send a copy to counsel, the Bureau of Prisons, the Marshal for the District and the Probation Office.