**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                            No. 02-4824

EMORY SCOTT BIVINS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-02-35-5-BO)

Submitted: April 30, 2003

Decided: January 22, 2004

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant.
Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine
Witcover Dean, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Emory Scott Bivins pled guilty to two counts of using or carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) (2000). Pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.4(a)(2) (2001), the guideline range for each count was the statutory minimum sentence: eighty-four months for Count Three and 300 months for Count Seven. The district court imposed a sentence of eighty-four months on Count Three and departed to a sentence of life imprisonment on Count Seven. For the reasons explained below, we vacate the sentence imposed for Count Seven and remand for resentencing.

In conduct underlying a firearms charge that was dismissed pursuant to Bivins' plea agreement, Bivins shot and seriously wounded a law enforcement officer, leaving the victim with permanent injuries. Prior to sentencing, the probation officer suggested that the district court might consider an upward departure based on a number of factors for which departure is encouraged under the guidelines.[1] The district court found that the attempted murder of a law enforcement officer on active duty was an atypical § 924(c) offense and departed on Count Seven from a sentence of 300 months to life imprisonment. To determine the extent of the departure, the court decided that the mandatory sentence of 384 months for both counts would be the starting point for the departure. The court indicated that a "comparable guideline range" would be 360 months to life. The court then reasoned that "it is within my discretion today to sentence [Bivins] to life because he's at a guideline range that anticipates a punishment of life given the aggregate severity of his present mandatory sentence." The court held that it had "established by operation of law that [Bivins'] comparable guideline range is 360 to life." In addition to the life sentence imposed for Count Seven, the court imposed a consecutive sentence of 84 months for Count Three. When defense counsel indicated

---

[1]The factors were: physical injury, USSG § 5K2.2; extreme psychological injury, USSG § 2K2.3; use of a weapon, USSG § 5K2.6; extreme conduct, USSG § 5K2.8; and adequacy of criminal history category, USSG § 4A1.3.

that Bivins would appeal the sentence, the court stated that it had "established a guideline for departure here and find that to be the appropriate level at which to sentence him."

On appeal, Bivins contends that the district court erred in determining the guideline range for Count Seven and in departing upward on Count Seven without following the procedure for departures established by this court.

With respect to the district court's determination of the guideline range for Count Seven, it is indisputable that the guideline range for that count was 300 months. *See* 18 U.S.C. § 924(c); USSG § 2K2.4(b) & comment. (n.1). The district court did not find otherwise, but confused the issue when it identified a "comparable guideline range" of 360 months to life as the point from which to begin a departure and later suggested that the life sentence imposed on Count Seven was within the guideline range for Count Seven.[2]

The Sentencing Commission has not provided specific directions to the district court for determining the extent of a departure other that it must be reasonable under the circumstances. 18 U.S.C. § 3742(f)(2) (2000); *United States v. Terry*, 142 F.3d 702, 707 (4th Cir. 1998). However, the sentencing court must give a "principled explanation" for the extent of the departure. *Terry*, 142 F.3d at 707. In this case, having decided to depart upward on Count Seven, the sentencing court was obligated to use the correct guideline range, 300 months, as the starting point for the departure and to provide a cogent explanation for the extent of the departure. This it failed to do.

Bivins also contests the method used by the sentencing court to arrive at its decision to depart upward. A sentencing court may depart from the guideline range only if the court finds an aggravating or mitigating factor of a kind, or to a degree, not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553(b) (2000); *Koon v. United States*, 518 U.S. 81, 98 (1996). This Court has approved a

---

[2]A mandatory minimum sentence of 300 months for a defendant in criminal history category VI could fit within three guideline ranges that are less than 360-life: 262-327 months; 292-365 months; and 324-405 months. USSG § 5A (Sentencing Table).

five-step analysis to be followed when the sentencing court decides to depart from the guideline range. *United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996) (applying *Koon v. United States*, 518 U.S. 81 (1996)); *see Scheetz*, 293 F.3d at 190-91 (applying *Rybicki* test).

First, the court must "determine the circumstances and consequences of the offense," a determination which is reviewed for clear error. *Scheetz*, 293 F.3d at 190. Second, the court must identify a factor that is sufficiently atypical to potentially warrant departure. This decision is not reviewed. *Id.* Third, the court should classify the factor so identified as forbidden, encouraged, discouraged, or unmentioned in the guidelines as a possible basis for departure. This decision is reviewed de novo. *Id.* Fourth, the court must decide whether a departure is permitted. If the court identifies a factor for which departure is encouraged, a departure is usually appropriate unless the factor is already accounted for in the applicable guideline. If the factor is discouraged, a departure is possible only when the factor is present to an exceptional degree. If the factor is unmentioned, a departure is permitted only in the highly infrequent case "where the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole indicate[s] that [the factor] take[s] the case out of the applicable guideline's heartland." *Rybicki*, 96 F.3d at 758 (internal quotation omitted). This decision is reviewed de novo. *Scheetz*, 293 F.3d at 191. Fifth, the court must decide whether the factor it has identified and classified reasonably warrants a departure. *Id.* The court's ultimate decision to depart is reviewed for abuse of discretion, but its underlying factual findings are reviewed for clear error and, if the departure is based on a misinterpretation of the guideline, that underlying ruling is reviewed de novo. *Rybicki*, 96 F.3d at 758.

In this case, Application Note 1 to § 2K2.4 explains that "[a] sentence above the minimum term required by 18 U.S.C. § 924(c) . . . is an upward departure from the guideline sentence."[3] The district

---

[3]The same Application Note states that an upward departure "may be warranted . . . to reflect the seriousness of the defendant's criminal history, particularly in a case in which the defendant is convicted of an 18 U.S.C. § 924(c) . . . offense and has at least two prior felony convictions for a crime of violence . . . that would have resulted in application of

court determined that a § 924(c) offense involving the attempted murder of an on-duty law enforcement officer was an atypical § 924(c) offense. The district court thus identified a factor potentially warranting departure, but did not classify the factor it identified for departure as encouraged or discouraged. As specifically phrased by the court, it appears to be an unmentioned factor. The court did not determine whether the factor identified as a basis for departure was already accounted for in the guidelines, although it is clear from the record that the district court concluded that the guideline sentence did not adequately address the factor. These two steps of the *Rybicki* test require de novo review. *Id.* We conclude that the district court erred in failing to classify the factor it identified as a basis for departure.

In addition, the district court failed to comply with the requirement of *Rybicki* by not explaining how the factor identified as a possible basis for departure removed the case from the heartland of the applicable guideline and justified a departure from 300 months imprisonment to a life sentence.

Accordingly, we vacate the sentence imposed for Count Seven and remand the case for resentencing on that count. If the district court again determines that a departure above the guideline range for that count is warranted, the court should begin the departure at 300 months and explain the reasons for the extent of its departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

§ 4B1.1 (Career Offender) if that guideline applied to [this] offense." Bivins had two prior felony convictions for crimes of violence, a second degree assault conviction and a burglary conviction. The probation officer suggested that a departure might be based on the inadequacy of Bivins' criminal history. However, the district court did not depart on this basis.