UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4586

DANNY MAYNARD,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 03-4348

DANNY MAYNARD,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-00-99)

Argued: December 5, 2003

Decided: May 21, 2004

Before LUTTIG and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Carl James Roncaglione, Jr., Charleston, West Virginia, for Appellant. Louise Anna Crawford, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Kasey Warner, United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Danny Maynard appeals his convictions and sentence for conspiracy to manufacture counterfeit United States obligations, 18 U.S.C. § 371, and aiding and abetting the passing of counterfeit obligations, 18 U.S.C. §§ 472, 2. First, Maynard contends his conviction was obtained through the government's use of false or perjured testimony. Second, he appeals his sentence, arguing the district court erred in departing upward pursuant to U.S.S.G. § 5K2.5, based on its finding that Maynard committed arson to intimidate a government witness, burning her trailer home to discourage her from reporting his counterfeiting activities to the authorities. Finally, Maynard appeals the district court's denial of his post-judgment motion for a new trial based on newly discovered evidence. We affirm the district court on all grounds.

I.

Danny Maynard was convicted of a conspiracy to counterfeit United States obligations along with his father, Jacob Maynard, as well as Leonard Kersey and Christopher Priestly. The Maynards and Kersey challenged their convictions in a consolidated appeal.[1] There-

---

[1]Priestly has not appealed.

after, we deconsolidated Danny Maynard's case, placing it on the oral argument calendar and directing argument on the issue of the upward departure. We decided the consolidated case on the basis of the parties' submissions, without hearing argument, affirming the convictions of Jacob Maynard and Kersey and denying their post-judgment motions for new trial. *See United States v. Maynard*, 77 Fed. Appx. 183, 184-85 (4th Cir. Oct. 9, 2003) (per curiam) (unpublished). With the exception of the upward departure issue, Danny Maynard's arguments, and the facts underlying this appeal, are identical to those in the consolidated companion case. Therefore, we do not engage in a detailed recitation of the facts, but reference our opinion in the companion case. *See id.* at 185-86.

## II.

In sentencing Danny Maynard for his counterfeiting convictions, the district court found that he had committed arson of government witness Alicia Bennett's trailer home to intimidate her and discourage her from revealing his counterfeiting activity. The counterfeiting guideline, U.S.S.G. § 2B5.1, does not include an enhancement for the commission of arson, and the district court found that arson "is not typically associated with counterfeit crimes and lies outside the heartland of the guideline that controls the manufacturing and passing of counterfeit money as set forth in United States Sentencing Guideline Section 2B5.1." Accordingly, the district court departed upward pursuant to U.S.S.G. § 5K2.5 (Property Damage or Loss), an "encouraged" basis for departure, and looked to the most analogous guideline on which to base its sentence. In imposing sentence, the district court employed the arson guideline, U.S.S.G. § 2K1.4, with its attendant base offense level of 24, rather than the base offense level of 15 that § 2B1.5 would have prescribed. The district court sentenced Danny Maynard using a total offense level of 28,[2] and a criminal history category of II, which yielded a guideline range of 87-108 months. The court sentenced Danny Maynard to eighty-seven months imprisonment.

Maynard appeals his sentence, arguing that the district court erred in departing upward on the basis of § 5K2.5. Maynard argues that the

---

[2]The other enhancements are not on appeal.

property damage or loss caused by the arson was already taken into account by the counterfeiting guideline, § 2B5.1, and the imposition of restitution for such loss.

A sentencing court may depart from the guideline range only if the court finds an aggravating or mitigating factor of a kind, or to a degree, not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553(b); *Koon v. United States*, 518 U.S. 81, 98 (1996). We review the district court's factual determinations underlying sentencing for clear error. *United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996). We review the district court's decision to depart de novo. 18 U.S.C.A. § 3742(e) (West Supp. 2003); *see United States v. Stockton*, 349 F.3d 755, 764 n.4 (4th Cir. 2003) (discussing the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(d)(2), 117 Stat. 650, 670, and the application of de novo, rather than abuse of discretion, standard of review to a district court's decision to depart from the Guidelines).

Here, the district court determined that Maynard committed arson of Alicia Bennett's trailer to intimidate her and to prevent her from speaking to the police regarding Maynard's counterfeiting. The court found that Maynard threatened Bennett after she witnessed him in possession of uncut sheets of counterfeit bills, and subsequently made threatening remarks concerning setting fire to the trailer before having an accomplice commit the arson.[3] As discussed above, the court found that arson is conduct not typically associated with counterfeiting offenses and lies outside the heartland of the counterfeiting guideline. We affirm that finding because it is indisputable that arson is an offense so "atypical" and extraordinary that it falls well outside the

---

[3]At oral argument, Maynard's attorney conceded the factual predicate for the district court's upward departure, *i.e.*, that the arson was committed by Maynard for the purpose of intimidating a witness to prevent her from divulging Maynard's counterfeiting activities. *See* Tape of Oral Argument, Dec. 5, 2003 (Appellant's Opening Argument) ("[T]he arson was not committed to destroy property or to cause property damage or loss, instead the arson was committed to intimidate a witness . . . . If you take the facts in the light most favorable for the government given the verdict [the arson was done to intimidate the witness].").

heartland of Guideline § 2B1.5. Similarly, we affirm the district court's use of § 5K2.5 (Property Damage or Loss) as an appropriate basis for departure.

In so holding, we reject Danny Maynard's contentions that the arson did not fall outside the heartland because restitution imposed at sentencing under U.S.S.G. § 2B5.1 would take into account all of the property damage or loss resulting from Maynard's conduct in attempting to conceal his counterfeiting. Maynard's argument rests on a legal premise as bizarre as it is fatuous, namely that if Maynard committed the arson, it was done to intimidate a witness, not to cause property damage or loss. *See, e.g.*, Maynard's Br. at 40 ("The alleged arson of the dwelling . . . was, in the eyes of the district court at sentencing, to intimidate a witness, not to cause property damage or loss."); *id.* at 41 ("The alleged intimidation of a witness, which is not an element of conspiracy to commit counterfeiting, does not magically transform into property damage or loss so as to serve as a basis for upward departure, not otherwise taken into account within the guidelines.").[4]

In arguing as much, Maynard seems to mistakenly substitute a conception of arson as a specific intent crime for inherent aspects of the offense. He argues that it was error to depart under § 5K2.5, because "arson of a dwelling to intimidate a witness is obviously not a 'property damage or loss'." (Br. at 37.) Such a statement is incomprehensible. Arson, whether committed to intimidate a witness or for any other reason, *is* property damage or loss. The fact that the main goal of Maynard's arson may have been to intimidate a witness, and not merely to destroy property, does not change the analysis of the

---

[4]While U.S.S.G. § 2B5.1 accounts for property damage or loss, arson constitutes a type of "property damage or loss not taken into account within the guidelines . . . ." U.S.S.G. § 5K2.5. Specifically, the type of loss assumed in § 2B5.1 flows directly from the passing of counterfeit bills (*i.e.*, surrendering property on the false assumption that legitimate currency is being received as consideration), not from arson or other such property damage truly extraneous from the counterfeiting. In this manner, arson is an "aggravating" type of "circumstance . . . present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the [counterfeiting] guidelines." U.S.S.G. § 5K2.0.

offense. Arson is not a specific intent crime, whereby one must specifically *intend* property damage or loss, which is where Maynard seems utterly confused. To enhance based on the arson, the district court did not need to find that Maynard committed arson with the specific intent to cause property damage or loss — rather property damage or loss is an inherent aspect of the offense itself[5] — the district court merely needed to find the arson was connected to the counterfeiting offense, and fell outside the heartland of that guideline.

The district court made exactly such a finding, and we affirm. Like the district court, we find the type of property damage or loss occasioned by arson is entirely divorced from the heartland of the counterfeiting guideline, thus upward departure was warranted.

### III.

Despite our expressed desire to hear argument limited to the departure issue, Danny Maynard also presented argument on the issues of the alleged use of perjured testimony and the district court's denial of a new trial, issues upon which his co-defendants and counsel had already received adverse rulings in the companion case. Thus, on the remaining issues, whose facts and legal theories are identical to those in the companion case, we affirm the district court for the reasons previously detailed. *See Maynard*, 77 Fed. Appx. at 186-88.

### IV.

For the reasons discussed in the companion case, we affirm Danny Maynard's conviction and the district court's denial of his post-judgment motion for a new trial. For the reasons discussed above, we affirm the district court's upward departure in sentencing Danny Maynard.

*AFFIRMED*

---

[5]To illustrate, West Virginia defines arson, not in terms of an intent to destroy or damage property, but as any willful and malicious burning of dwellings, building structures and personal property, or aiding in such offenses. W. Va. Stat. §§ 61-3-1(a); 61-3-2; 61-3-3; 61-3-4.