**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4338

PHILLIP CHEEKS, a/k/a Charles Osbin
Allen,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4339

PHILLIP CHEEKS, a/k/a Charles Osbin
Allen,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-98-529, CR-98-1177-JFA)

Submitted: September 30, 1999

Decided: October 14, 1999

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Susan Z. Hitt, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Phillip Cheeks appeals the sentence imposed on his convictions entered on his guilty pleas to using a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1) (1994), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1994). On appeal, Cheeks contends that the district court erred in departing upward from the sentencing range obtained from the U.S. Sentencing Guidelines (1997). Generally, we review a district court's decision to depart for abuse of discretion. See Koon v. United States , 518 U.S. 81, 91 (1996). However, a district court's decision that an encouraged factor is not adequately accounted for under the applicable guideline is reviewed de novo. See id. at 95-96, 100; see also United States v. Rybicki, 96 F.3d 754, 757-58 (4th Cir. 1996). Our review of the record on appeal reveals that the district court properly decided to depart as a result of Cheeks' extensive criminal history. See USSG § 4A1.3. Furthermore, the district court adequately stated its reasons for departure from the bench, and did not abuse its discretion in determining the extent of its departure from the guidelines range. See United States v. Rusher, 966 F.2d 868 (4th Cir. 1992); United States v. Cash, 983 F.2d 558 (4th Cir. 1992).

Finding no reversible error in the district court's decision to depart upward from the guidelines range, we affirm Cheeks' sentence. We

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3