**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4778

MARK GREGORY YOUNG,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-97-288-CCB)

Submitted: April 25, 2000

Decided: May 16, 2000

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Lauren E. Case, OFFICE OF
THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Bonnie S.
Greenberg, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Gregory Young was sentenced to a term of 105 months imprisonment after he pled guilty to bank fraud, destruction of government property (postal vehicles), possession of stolen mail, and possession, production, and transfer of implements used to make false identification documents. On appeal, we found that the district court had abused its discretion in departing upward without finding specifically that Young's theft of 6000 pieces of mail and the resulting harm was so extraordinary that it was outside the normal run of cases involving stolen mail. On remand, the district court made the requisite findings and reimposed a sentence of 105 months. Young again appeals his sentence. We grant Young's request for leave to file a pro se supplemental brief and affirm the sentence.

The court's departure was based on U.S. Sentencing Guidelines Manual § 2B1.3, comment. (n.4) (1997), which encourages a departure when the value of the property damaged or destroyed does not adequately reflect the extent of the harm caused by the offense. However, the guideline applicable to Young's conviction for possession of stolen mail included an enhancement for taking undelivered United States mail. See U.S.S.G. § 2B1.1(b)(3). Because the fact and effect of undelivered mail were thus considered by the Sentencing Commission, a departure on that ground could not be justified unless that factor was "present to an exceptional degree or in some other way [made] the case different from the ordinary case where the factor is present." Koon v. United States, 518 U.S. 81, 96 (1996).

At the resentencing hearing, the district court again departed upward by two levels, finding that "the extensive quantity" of undelivered mail was "outside . . . the ordinary stolen mail case," and noting the proffered testimony of the postal inspector--that he had not seen a case with that quantity of mail in twenty-three years. (J.A. at

2

33.) The court found that the volume of stolen mail increased the "not purely economic harm" suffered by the victims, exemplified by two witnesses who testified at the first sentencing, and"multiplied by the number of people that must have been affected." (J.A. at 33-34.) We review de novo the district court's decision that an encouraged factor has not been adequately taken into account by the applicable guideline. See United States v. Rybicki, 96 F.3d 754, 758 (4th Cir. 1996).

Young argues that the district court's finding is unsupported because the court depended solely on the proffered testimony of the postal inspector to determine that 6000 pieces of stolen mail was unusual. However, we are persuaded that the quantity of mail stolen and the resulting effects on the multiple victims, known and unknown, were sufficient to justify the departure. See United States v. Garcia, 900 F.2d 45, 49 (5th Cir. 1990) (theft of 950 pieces of first-class mail plus unknown quantity of mail disposed of in dumpster warranted departure because of extremely large volume of stolen mail).

We have reviewed Young's pro se supplemental brief, in which he challenges the departure and maintains that he was denied due process at the first sentencing when he complained that the government had breached the plea agreement. The second issue is not properly raised because we considered and found to be without merit in the first appeal his claim that the government had breached his plea agreement.

We therefore affirm the sentence. We grant Young's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED