# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

KENNETH LEE TERRELL,
　　　　　*Defendant-Appellant.*

No. 00-4615

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lyle E. Strom, Senior District Judge, sitting by designation.
(CR-98-79)

Submitted: February 6, 2001

Decided: April 26, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Marshall A. Swann, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Lee Terrell appeals his sentence arising out of his convictions on two counts of mailing threatening communications in violation of 18 U.S.C.A. § 876 (West 2000). He contends that the district court abused its discretion in departing upward on the sentencing guidelines offense level from level twelve to level twenty-four. Finding no error, we affirm.

Terrell's convictions arise out of two sexually explicit, threatening letters that Terrell mailed to his minor daughter, Dana Mayfield, and her mother, Valerie Mayfield, threatening to rape, maim, and murder them. In addition to the sexually explicit and threatening language in the letter, Terrell sent his daughter a graphic drawing of himself inserting a knife into her genital area, while holding the bleeding, decapitated head of her mother's boyfriend. One letter also mentioned past acts of abuse against Valerie and indicated his desire to hire someone to murder Valerie and Dana.

The presentence report calculated Terrell's sentencing guideline range to be twenty-seven to thirty-three months based on a total offense level of twelve and a criminal history level of five. The calculation included an upward adjustment of two levels of the offense level pursuant to *U.S. Sentencing Guidelines Manual* § 3A1.1(b) (2000) because one of the victims was "vulnerable." The report identified no basis for an upward departure from the sentencing guidelines. The Government moved for upward departure.

At the sentencing hearing, Valerie Mayfield testified about the negative psychological effects of the letters upon Dana, about Terrell sexually assaulting Dana when she was a toddler, and about Terrell's physical abuse of herself and her fear of him. Additionally, evidence at the sentencing hearing revealed that Terrell had mailed sexually explicit letters to other young girls and women whom he did not know, which resulted in a court ordering him to refrain from mailing letters to young girls.

The district court followed the presentence report's recommendation of a two-level enhancement of the base offense pursuant to USSG § 3A1.1(b).* The district court determined that Terrell had engaged in extreme conduct as defined in USSG § 5K2.8 (2000), finding Terrell's conduct unusually heinous, cruel, brutal, and degrading. Furthermore, the district court found Terrell's sexually explicit, threatening letter to the teenage daughter "particularly disturbing." Finding the sentencing guideline offense level of twelve "totally inadequate to represent the offense conduct," the district court granted the Government's motion for upward departure, increasing Terrell's offense level from twelve to twenty-four.

Based upon an offense level of twenty-four and a criminal history of five, the sentencing range was ninety-two to 115 months. The court sentenced Terrell to a total of 108 months, three years of supervised release, and a special assessment of $200. Terrell timely appealed, contending that the district court abused its discretion in the twelve-level upward departure.

We review the district court's decision to depart from the sentencing guidelines, as well as the extent of the departure, for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 96-100 (1996); *United States v. Gary*, 18 F.3d 1123, 1127 (4th Cir. 1994). Because extreme conduct is an encouraged factor for upward departure pursuant to § 5K2.8, the district court had the authority to depart if Terrell's conduct was not adequately accounted for in the applicable guideline. USSG § 5K2.8; *see United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996). In determining whether a potential basis for departure was adequately considered, a sentencing court must focus on whether the factor is taken into account by the guidelines, policy statements, and commentary. *Koon*, 518 U.S. at 92-93; *Rybicki*, 96 F.3d at 757. The guidelines and commentary thereto specifically state that extreme conduct was not taken into consideration in determining the base offense level for threatening communications and may be considered for departure. USSG § 2A6.1 (2000); *Gary*, 18 F.3d at 1128-29. The court should depart upward if "the defendant's conduct was unusually

---

*Terrell does not appeal the two-level enhancement of the base offense level.

heinous, cruel, brutal, or degrading to the victim." USSG § 5K2.8; *see Gary*, 18 F.3d at 1125.

We find that the district court did not abuse its discretion in finding that Terrell's conduct was extreme, justifying an upward departure of twelve levels. Accordingly, we affirm Terrell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*