UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                          No. 01-4111

TIMOTHY LEE BESS,
       *Defendant-Appellant.*

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                          No. 01-4112

TIMOTHY LEE BESS,
       *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-51, CR-00-149)

Submitted: August 31, 2001

Decided: October 24, 2001

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John R. McGhee, Jr., KAY, CASTO & CHANEY, P.L.L.C., Charleston, West Virginia, for Appellant. Charles T. Miller, United States

Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Timothy Lee Bess pled guilty to one count of heroin distribution, 21 U.S.C.A. § 841(a) (West 1999), and was sentenced to a term of thirty-seven months imprisonment. Bess was serving a term of supervised release at the time he committed the instant offense. The district court revoked his supervised release and imposed a sentence of twelve months imprisonment. The sentences were to be served consecutively. Bess appeals both sentences, contending that the district court erred in making a two-level adjustment for an aggravated role in the offense, *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (2000), and in departing upward from criminal history category V to category VI pursuant to USSG § 4A1.3, p.s. He also argues that the district court abused its discretion when it ordered that the thirty-seven-month sentence for heroin distribution run consecutively to the twelve-month supervised release revocation sentence. We affirm.

Bess was arrested after he sold heroin to two confidential informants in four monitored transactions. There was evidence that Bess exercised some supervisory authority over at least one other person during the course of his drug sales. The district court's factual determination concerning a defendant's role in the offense is reviewed for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). We find that the district court did not clearly err in applying the two-level adjustment under § 3B1.1(c).

We also find that the district court did not abuse its discretion in departing to criminal history category VI. *Koon v. United States*, 518

U.S. 81, 100 (1996) (setting out standard of review). A criminal history category that does not reflect the seriousness of the defendant's past criminal conduct or the likelihood that he will commit future crimes is a factor for which departures are encouraged. USSG § 4A1.3. An encouraged factor may be the basis for a departure unless it is already taken into account by the applicable guideline. *United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996). A departure is specifically encouraged for sentences too old to be counted that were imposed for serious criminal conduct that is not similar to the instant offense. USSG § 4A1.2, cmt. n.8; *United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992).

In a pre-sentencing memorandum, the district court set out the following factors supporting a departure: (1) a high likelihood of recidivism given that Bess had participated in six substance abuse programs over ten years but continued to engage in criminal activity to support his drug habit; (2) Bess' six prior adult convictions that were too old to be counted toward his criminal history score, including convictions for grand larceny, assault (stabbing), and two drug convictions; and (3) Bess' thirty prior adult arrests not resulting in a conviction, six of which were for drug violations.*

Bess argues that two of his outdated prior offenses—the grand larceny and the assault—were not serious crimes. However, we are satisfied that both crimes were serious criminal conduct and were properly considered by the district court as a basis for departure. Bess also contends that his recidivism over a period of twenty years was simply a result of the failure of the drug treatment programs he has previously undergone. Regardless of the reason for his recidivism, the district court did not err in regarding Bess' long criminal record as an indication of future criminal conduct. Finally, Bess suggests that the district court departed upward to compensate for reducing his offense level. The record does not support this conclusory claim. The district court thoroughly explained its reasons for the upward departure. Therefore, we find that the district court did not abuse its discretion in determin-

---

*The court noted that an arrest record alone is not a basis for departure, USSG § 4A1.3, but that prior similar criminal conduct not resulting in a conviction may be considered as a basis for departure. USSG § 4A1.3(e).

ing that criminal history category V underrepresented the seriousness of Bess' past criminal conduct and in departing upward to category VI.

Last, Bess contends that the district court abused its discretion when it made his sentence for the drug conviction consecutive to the sentence imposed upon revocation of his supervised release because both sentences are based on the same conduct. Because Bess did not raise this issue in the district court, it is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (to obtain reversal for unpreserved error, defendant must show error that was plain, affected substantial rights, and must be corrected because it seriously affects the fairness, integrity, or public reputation of judicial proceedings).

We find no error. Under 18 U.S.C. § 3584(a) (1994), when the district court imposes multiple sentences, it has discretion to make them concurrent or consecutive. However, the court is directed in USSG § 7B1.3(f) to impose a consecutive sentence upon revocation of supervised release when the defendant is serving a term of imprisonment, even when it is for the same conduct that resulted in revocation of his supervised release. While § 7B1.3(f) is advisory only, *see United States v. Davis*, 53 F.3d 638, 639 n.1 (4th Cir. 1995), the district court did not abuse its discretion in following it.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*