**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                        No. 02-4214

MARGARET ANN BRACK,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-304)

Submitted: September 19, 2002

Decided: September 30, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Walter T. Johnson, Jr., LAW OFFICE OF WALTER T. JOHNSON, JR., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Margaret Ann Brack pled guilty to three counts of identification fraud, in violation of 18 U.S.C.A. § 1028(a)(7), (b)(2)(B) (West 2000). At sentencing, the district court granted the government's motion for an upward departure, increasing Brack's criminal history category from level III to level V at an offense level of twelve, with a sentencing range of twenty-seven to thirty-three months. Brack subsequently received a thirty-three month sentence. Brack's sole argument on appeal is that the court abused its discretion in granting the government's motion for a upward departure. We affirm.

A sentencing court may depart above the guideline range only if the court finds an aggravating factor of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. 18 U.S.C.A. § 3553(b) (West 2000). The court's determination in this regard should focus on whether the factor is taken into account by the guidelines, policy statements, or commentary. *United States v. Barber*, 119 F.3d 276, 280 (4th Cir. 1997) (en banc). If the court identifies a factor for which departure is encouraged, and the factor is already accounted for under the applicable guideline, a departure is possible only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. *Koon v. United States*, 518 U.S. 81, 96 (1996).

Generally, a district court's decision to depart is reviewed for an abuse of discretion. *Id.* at 91, 98-99. However, a district court's decision that an encouraged factor is not adequately accounted for under the applicable guideline is not accorded deference. *Id.* at 95-96, 99-100; *see also United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996). A defendant's criminal history is an encouraged factor for an upward departure. A court may depart upward from the guideline range "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2001).

In this case, the district court chose to depart as a result of the extent of damage to the victims, the likelihood of recidivism, and the understatement of Brack's criminal record. We have reviewed the district court's reasoning at sentencing and the briefs and materials submitted by the parties in this case, and find no abuse of discretion in the district court's upward departure. Accordingly, we affirm Brack's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*