**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4232

DEREK LAVINCENT REID,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-202)

Submitted: October 31, 2002

Decided: November 26, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TAL-
COTT, L.L.P., Greensboro, North Carolina, for Appellant. Anna
Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant
United States Attorney, Winston-Salem, North Carolina, for Appel-
lee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Derek Lavincent Reid appeals his conviction following a jury trial of one count of obstruction of commerce with threat or violence during a robbery in violation of 18 U.S.C. § 1951 (2000) and one count of carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000), and sentence to 120 months in prison for Count 1 and eighty-four months in prison for Count 3, to run consecutively, and three years of supervised release. We affirm.

First, Reid argues the district court's questions to Reid during his testimony called into question his credibility and indicated a disbelief in the veracity of his testimony. Generally, a trial judge's interrogation of witnesses is reviewed for abuse of discretion. *United States v. Wilson*, 135 F.3d 291, 307 (4th Cir. 1998). Reid, however, made no objections to the judge's questioning. Rule 614(c) of the Federal Rules of Criminal Procedure allows objections to interrogation by the court to be made "at the time [of the questions] or at the next available opportunity when the jury is not present." Therefore, we limit our review to plain error. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). Reid is not entitled to relief on this claim unless he shows: (1) error; (2) that the error is plain; and (3) that the error affects substantial rights. *Id.* at 732. Even then, this Court "refrain[s] from intervening unless the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Godwin*, 272 F.2d at 679 (quoting *Olano*, 507 U.S. at 736). We have reviewed the record and find no plain error.

Second, Reid argues the district court erred when it applied a two-level enhancement for obstruction of justice under USSG § 3C1.1. Section 3C1.1 allows a two-level increase when a defendant willfully obstructs or impedes the administration of justice during the investi-

gation, prosecution or sentencing of an offense. The district court's factual findings concerning sentencing factors are reviewed for clear error, and legal determinations are reviewed de novo. *United States v. France*, 164 F.3d 203, 209 (4th Cir. 1998). We have reviewed the record and conclude the district court did not err when it applied the enhancement based on a finding of perjury during Reid's testimony.

Finally, Reid argues the district court erred when it departed upward. Reid argues the district court applied an upward departure based on his reputation and that this consideration is impermissible. The district court, however, departed upward based on the inadequacy of Reid's criminal history category and the likelihood that he would commit other crimes under *U.S. Sentencing Guidelines Manual* § 4A1.3 (2001). Assuming, without deciding, that the court's consideration of reputation was improperly included in its calculus, the record nonetheless amply supports the court's finding even if that factor is excluded.

The court's ultimate decision to depart is reviewed for abuse of discretion, but its underlying factual findings are reviewed for clear error and, if the departure is based on a misinterpretation of the guideline, that underlying ruling is reviewed de novo. *United States v. Rybicki*, 96 F.3d 754, 758 (4th Cir. 1996). We have reviewed the record and conclude the district court did not abuse its discretion when it departed upward based on the inadequacy of Reid's criminal history category and the likelihood that he would commit other crimes.

We therefore affirm Reid's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*