**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

DEBRA LYNN MORRIS,
　　　　　*Defendant-Appellant.*

No. 02-4957

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-02-128)

Submitted: June 10, 2003

Decided: June 27, 2003

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Debra Lynn Morris appeals her convictions and sentence of 200 months' imprisonment for conspiracy to distribute oxycodone and methadone, in violation of 21 U.S.C. § 846 (2000), possessing ammunition after having been convicted of an offense punishable by imprisonment for more than one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and threatening and attempting to cause bodily injury in retaliation for providing a law enforcement officer information relating to the commission of a federal offense, in violation of 18 U.S.C. § 1513(b)(2) (2000). Morris's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in conducting Morris's Fed. R. Crim. P. 11 guilty plea hearing and by departing upward in sentencing her, but stating that, in his view, there were no meritorious issues for appeal. Morris has submitted a pro se supplemental brief challenging the district court's finding of drug quantity and its upward departure at sentencing. Morris has also moved to substitute counsel. Finding no reversible error, we affirm.

Morris contends the district court failed to comply with Fed. R. Crim. P. 11 in accepting her guilty plea. Allegations of Rule 11 violations are reviewed for plain error when, as here, there was no objection in the district court. *United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002). We have reviewed Morris's Rule 11 proceedings and find no such error.

Morris next contends the district court did not make adequate findings in departing from a Criminal History Category III to a Criminal History Category VI. Under *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2001), a sentencing court may depart upward from the otherwise applicable guidelines range when the defendant's criminal history category significantly under-represents her past criminal history or the likelihood that she will commit future crimes. The district court must conduct an incremental level-by-level analysis in determining which criminal history category was appropriate. *See United States v. Harrison*, 58 F.3d 115, 118 (4th Cir. 1995). We review the district court's ultimate decision to depart upward from the applicable

guideline range for an abuse of discretion. *United States v. Rybicki*, 96 F.3d 754, 758 (4th Cir. 1996). We conclude the district court did not abuse its discretion in imposing an upward departure and its stated findings were sufficient to support a departure from Criminal History Category III to Criminal History Category VI.

In her pro se supplemental brief, Morris disputes the district court's determination of drug weight. Morris contends the district court erred by allowing a federal agent to introduce hearsay testimony regarding Morris's drug transactions. The district court may consider reliable hearsay testimony at sentencing and hearsay testimony may provide sufficient evidence to support a district court's finding of drug quantity. *See United States v. Uwaeme*, 975 F.2d 1016, 1019 (4th Cir. 1992); *United States v. Roberts*, 881 F.2d 95, 106 (4th Cir. 1989). While Morris argues the district court erred in determining the drug quantity attributable to her, the district court explicitly found information presented by the Government and the presentence report as to drug quantity credible. Because the district court's calculation of drug quantity finds support in the record, it was not clearly erroneous. *See United States v. Williams*, 152 F.3d 294, 300-01 (4th Cir. 1998) (stating standard). To the extent Morris attempts to make a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Morris's sentence does not exceed the statutory maximum for convictions in which drug quantity was not alleged. Therefore this claim fails. *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000). Lastly, we find Morris's claims of ineffective assistance of counsel are not cognizable on appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Morris's convictions and sentence. We deny Morris's motion to substitute counsel. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*