UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 02-4985

BRUCE CHARLES HEGGEN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-02-145)

Submitted: October 20, 2003

Decided: December 4, 2003

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Scott H. Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. Joshua Brian Howard, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bruce Charles Heggen pled guilty without benefit of a plea agreement to ten counts of bank fraud, 18 U.S.C. § 1344 (2000), and one count of credit card fraud, 18 U.S.C. § 1029(a)(2) (2000). Heggen was sentenced to seventy-five months incarceration, on each count of conviction, to run concurrently with each other but consecutive to a previously imposed federal sentence. He was sentenced to a special assessment of $1100 and restitution of $59,125.66. Heggen appeals his conviction and sentence. Finding no error, we affirm.

In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Heggen raised the possibility of error by the district court when it granted the Government's motion for an upward departure from offense level thirteen, criminal history category VI, to offense level nineteen, criminal history category VI. Upward departures are reviewed for abuse of discretion under the multi-part test set out in *Koon v. United States*, 518 U.S. 81, 100 (1996); *see also United States v. Rybicki*, 96 F.3d 754, 757 (4th Cir. 1996). The guidelines encourage an upward departure when the defendant's criminal history category does not adequately reflect the seriousness of his prior criminal conduct. *U.S. Sentencing Guidelines Manual* § 4A1.3 (2000). The district court sufficiently explained the basis for the departure and the extent of the departure, and Heggen had adequate notice that the court would consider a departure. We find the district court did not abuse its discretion.

Heggen filed a supplemental brief raising five additional issues. First, he addresses the district court's judgment requiring the payment of $59,125.66 of restitution to the victims of the fraud. The district court heard testimony from the Secret Service agent who investigated the fraud as to the extend of loss, and Heggen does not assert that any other computation would be more accurate. Because a preponderance of the evidence supports the district court's factual finding, it will not be disturbed on appeal. *See United States v. Carter*, 300 F.3d 415, 427 (4th Cir. 2002).

Second, Heggen asserts the crimes enumerated in the presentence report were part of three distinct schemes and therefore should have

been grouped. Because the numerous convictions were not grouped for trial or for sentencing, they were properly counted separately under USSG § 4A1.1. Heggen further asserts he was awarded criminal history points for his conviction for failing to self surrender, and that act was double counted when the failure to report was treated as an escape, and further points were added to his criminal history for escape. The three points for his conviction for failure to appear for service of sentence on August 22, 2001, were properly added under USSG § 4A1.1(a). Likewise, two points were properly added to the subtotal of forty criminal history points pursuant to USSG § 4A1.1(d) and § 4A1.2(n) for committing the instant offense while under a criminal justice sentence; an additional point was properly added under § 4A1.1(e) and § 4A1.2(n) for committing the instant offense while in escape status. *See United States v. Wilson*, 198 F.3d 467, 472 n* (4th Cir. 1999). We find Heggen's criminal history was properly calculated.

Heggen's remaining three claims warrant no relief. First, our review of the record shows that the Government complied with its obligations regarding discovery, and Heggen was not deprived of any evidence to which he was entitled. Next, Heggen's conclusory statements do not establish that any delay in initiating his prosecution was prejudicial or was the result of Government harassment. Finally, Heggen did not move to suppress his statement or the evidence seized by the Secret Service during a consensual search, so he has waived his right to raise a challenge in this regard.

We have, as required by *Anders*, reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Heggen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*