**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

MAURICE CROMRATIE,
　　　　　*Defendant-Appellant.*

No. 03-4679

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-03-12)

Submitted: September 1, 2004

Decided: September 21, 2004

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Maurice Cromratie pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count One), and possession of an unregistered sawed-off shotgun, 26 U.S.C. §§ 5841, 5861(d) (2000). He received a sentence of eighty-seven months imprisonment. Cromratie appeals his sentence, arguing that the district court erred in departing upward pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2002). We affirm.

With an offense level of nineteen and eighteen criminal history points, Cromratie was in criminal history category VI. His guideline range was 63-78 months. The district court determined that category VI did not adequately reflect Cromratie's criminal record and departed upward by one offense level, which raised the guideline range to 70-87 months.

We first conclude that Cromratie failed to contest the departure in the district court. He contends that his attorney challenged the district court's decision to depart by arguing that the guideline range calculated in the presentence report "fairly embraced" his criminal record. The record reflects that the attorney stated that the guideline range set out a fair sentence for Cromratie's offense, but then explicitly stated that he would not contest a departure pursuant to § 4A1.3. Because Cromratie failed to challenge the district court's stated intention to depart under § 4A1.3, we review the district court's decision to depart for plain error. Under the plain error test, *United States v. Olano*, 507 U.S. 725 (1993), a defendant must show that: (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *Id.* at 732. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). In this case, we conclude that no error occurred.

A sentencing court may depart from the guideline range only if the court finds an aggravating or mitigating factor of a kind, or to a degree, not adequately considered by the Sentencing Commission. 18 U.S.C.A. § 3553(b) (West Supp. 2004) (setting out general principles for departures); *Koon v. United States*, 518 U.S. 81, 98 (1996). As of April 30, 2003, the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(d) 117 Stat. 650, 670 (2003), (amending 18 U.S.C. § 3742(e), (e)(3)), requires a reviewing court to review certain departure decisions de novo. The appeals court must review de novo whether the district court failed to provide a written statement of its reasons for departing, 18 U.S.C.A. § 3742(e)(3)(A) (West Supp. 2004), and whether the departure was based on a factor that (1) does not advance the objectives set forth in 18 U.S.C.A. § 3553(a)(2) (West Supp. 2004), (2) is not authorized by § 3553(b), or (3) is not justified by the facts of the case. 18 U.S.C.A. § 3742(e)(3)(B)(i)-(iii) (West Supp. 2004). If the departure is justified, the appeals court must review the extent of the departure deferentially. *See United States v. Davis*. ___ F.3d ___, 2004 WL 1828353, at *12 n.3 (4th Cir. Aug. 17, 2004); *see also* 18 U.S.C.A. § 3742(e)(3)(C) (West Supp. 2004).

The objectives set out in § 3553(a)(2) call for the sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ."

An upward departure pursuant to § 4A1.3 is encouraged, even if the defendant is in category VI, if the court finds that the defendant's record is egregious or serious. The district court's determination that an encouraged factor is not already accounted for in the guideline is reviewed de novo. *United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996); *Koon*, 518 U.S. at 96. Cromratie had eighteen criminal history points, five more than were necessary to place him in category VI. A factor listed in § 4A1.3(b) that may support a departure is whether the defendant has received prior sentences "of substantially more than one year imposed as a result of independent crimes committed on different occasions." Cromratie was sentenced to a term of

three years confinement in 1989 following his general court-martial for resisting apprehension, assault on a military policeman, and related offenses. He was sentenced to a term of four years imprisonment in October 1995 for grand larceny in the fourth degree and related offenses, and to a second four-year term in November 1995 for robbery in the third degree. These offenses occurred on different occasions.

An additional factor that may support an upward departure is "whether the defendant was pending trial or sentencing on another charge at the time of the instant offense." USSG § 4A1.3(d). The instant offense occurred on July 21, 2002. Cromratie wrote two bad checks for small amounts in Newberry, South Carolina, in February 2000; charges were pending at the time the presentence report was prepared in July 2003.

We conclude that these factors were not adequately accounted for in the guideline and that the district court did not abuse its discretion in deciding that these factors take Cromratie's case "outside the heartland of situations encompassed within the applicable guideline." *United States v. Barber*, 119 F.3d 276, 280 (4th Cir. 1997) (en banc). Finally, the district court's one level upward departure was not unreasonable under the circumstances. *United States v. Bellamy*, 264 F.3d 448, 454 n.3 (4th Cir. 2001) (stating standard). Therefore, no error occurred.

The PROTECT Act requires the district court to provide its reasons for departure with specificity in the written judgment. 18 U.S.C.A. § 3553(c)(2) (West Supp. 2004). Cromratie argues that a remand is required because the district court failed to give specific written reasons for the departure pursuant to § 4A1.3 as are now required. USSG § 4A1.3(c)(2). We note that 18 U.S.C.A. § 3742(f)(2) (West Supp. 2004), provides that, "if the sentence is outside the applicable guideline range and the district court failed to provide the required statement of reasons in the order of judgment and commitment . . . [the court of appeals] shall state specific reasons for its conclusions." In accord with this provision, we have stated specific reasons why the upward departure was warranted. *See United States v. Daychild*, 357 F.3d 1082, 1108 (9th Cir. 2004).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*