Vacated by Supreme Court, April 25, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4297**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALAN TODD SLOAN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-03-96)

_____

Submitted: October 1, 2004        Decided: December 9, 2004

_____

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alan Todd Sloan pled guilty to bank robbery, 18 U.S.C. §§ 2113(a), 2 (2000). The district court departed upward from the guideline range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2003), and sentenced Sloan to a term of 188 months imprisonment. Sloan appeals his sentence, arguing that Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the district court's decision to depart upward and that § 4A1.3 is unconstitutional under Blakely. He further contends that, if Blakely does not apply, the district court abused its discretion in departing upward and sentencing him as a de facto career offender. We affirm.

Sloan's criminal history was replete with crimes of violence. Between July 9 and September 24, 1992, Sloan committed a total of nine robberies in Pennsylvania. He was convicted of four robberies, three of which were consolidated for sentencing.[*] Because all these offenses were treated by the probation officer as part of a common scheme or plan, i.e., as related cases, USSG § 4A1.2, comment. (n.3), Sloan fortuitously did not qualify for sentencing as a career offender under USSG § 4B1.1. See USSG 4B1.2(c).

Sloan received three criminal history points for his ten-year sentence for bank robbery under USSG § 4A1.1(a), and one point

_____

[*]Five counts of bank robbery were dismissed under a plea agreement.

- 2 -

for each sentence imposed for the remaining three robberies.  USSG § 4A1.1(f).  Including the points awarded for other prior sentences, Sloan had a total of nine criminal history points, which placed him in category IV.  The recommended guideline range was 77-96 months.

At the sentencing hearing, Sloan's attorney acknowledged that an upward departure was appropriate under § 4A1.3.  He recommended a departure to category VI and a sentence of 125 months imprisonment.  The district court decided to depart upward in part because it believed, mistakenly, that Sloan's three sentences for robberies that were consolidated for sentencing in July 1993 received no criminal history points because they were related cases, when in fact each was awarded one point under USSG § 4A1.1(f).

The court noted that Application 3 to § 4A1.2 recognizes that, in some cases, the definition of related cases may be overly broad and may "result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public."  The court found that this was true of Sloan's three supposedly unscored crimes of violence.  The court found that Sloan was a de facto career offender and therefore departed upward from category IV to category VI and from offense level 24 to offense level 32.  The court imposed a sentence of 188 months.

On appeal, Sloan first argues that his sentence must be vacated under <u>Blakely</u> because the district court engaged in unconstitutional fact finding when it departed upward, and that § 4A1.3 is unconstitutional under <u>Blakely</u> because it permits judicial fact finding to increase the statutory maximum sentence. Because we recently held that <u>Blakely</u> "does not affect the operation of the federal sentencing guidelines," <u>United States v. Hammoud</u>, 381 F.3d 316, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (en banc), we conclude that neither of these contentions has merit.

Alternatively, Sloan argues that, if <u>Blakely</u> does not apply, the district court abused its discretion in departing by treating him as a <u>de</u> <u>facto</u> career offender. A sentencing court may depart from the guideline range only if the court finds an aggravating or mitigating factor of a kind, or to a degree, not adequately considered by the Sentencing Commission. 18 U.S.C.A. § 3553(b) (West Supp. 2004) (setting out general principles for departures and special considerations for child crimes and sexual offenses); <u>Koon v. United States</u>, 518 U.S. 81, 98 (1996). As of April 30, 2003, the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650, 670 (amending 18 U.S.C. § 3742(e), (e)(3)), requires a reviewing court to review certain departures de novo. The appeals court must review de novo whether the district

- 4 -

court failed to provide a written statement of its reasons for departing, 18 U.S.C.A. § 3742(e)(3)(A) (West Supp. 2004), and whether the departure was based on a factor that (1) does not advance the objectives set forth in 18 U.S.C.A. § 3553(a)(2) (West Supp. 2004), (2) is not authorized by § 3553(b), or (3) is not justified by the facts of the case. 18 U.S.C.A. § 3742(e)(3)(B)(i)-(iii) (West Supp. 2004). If the departure is justified, the appeals court must review the extent of the departure deferentially. See United States v. Davis, 380 F.3d 183, 188 n.3 (4th Cir. 2004), petition for cert. filed, Sept. 15, 2004 (No. 04-6377); see also 18 U.S.C.A. § 3742(e)(3)(C) (West Supp. 2004).

An upward departure pursuant to § 4A1.3 is encouraged if the court finds that the criminal history category does not adequately represent the defendant's past criminal conduct. The district court's determination that an encouraged factor is not already accounted for in the guideline is reviewed de novo. United States v. Rybicki, 96 F.3d 754, 757 (4th Cir. 1996) (citing Koon, 518 U.S. at 96).

In this case, although the district court mistakenly stated that three of Sloan's prior crimes of violence received no criminal history points because they were related, when in fact each of the 1992 hotel and store robberies was awarded one criminal history point, the record amply supports the district court's

decision to depart. As Sloan concedes in his opening brief, he would have been a career offender if there had been an intervening arrest in his series of robberies in 1992, or if his 1985 burglary conviction were not outside the applicable time period for sentences of less than a year and a month, see USSG § 4A1.2(e)(2).

Moreover, Sloan would have been a career offender if he had been prosecuted separately for any of the five bank robberies he committed in 1992 for which charges were dismissed under his plea agreement relating to the sixth bank robbery. United States v. Harrison, 58 F.3d 115, 118 (4th Cir. 1995) ("district court may sentence a defendant as a de facto career offender when he has committed two crimes that would qualify as predicate crimes for career offender status, but for some reason cannot be counted."). Sloan's criminal history included more than the two crimes of violence necessary to qualify him for career offender status. Therefore, we conclude that the district court did not abuse its discretion in deciding to depart or in treating Sloan as a de facto career offender.

We therefore affirm the sentence imposed by the district court. We deny as moot the government's motion to place this case in abeyance for Hammoud, and we dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED