Vacated by Supreme Court, January 7, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5165**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JOSE MEDINA, JR.,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-04-419-WDQ)

---

Argued:  October 26, 2006          Decided:  March 21, 2007

---

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ARGUED:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellant.  James Paul Krawczyk, Jr., Bel Air, Maryland, for Appellee.  **ON BRIEF:** Bonnie S. Greenberg, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the execution of a search warrant at the residence of Jose Medina, Jr., in Aberdeen, Maryland, federal agents seized several computers containing over 1,000 images of minors engaged in sexually explicit conduct. Medina was indicted in two counts for shipping materials involving the sexual exploitation of minors by means of a computer, in violation of 18 U.S.C. § 2252(a)(1), and possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B). Medina pleaded guilty to Count II with stipulated facts that at least one of his computers contained "more than 10 pictures and movie images" of child pornography, including at least one image of a victim known to be under the age of 12, one picture of a prepubescent female in bondage, and a video clip of another in "various stages of bondage." The maximum sentence for the offense charged in Count II was, at the time, five years' imprisonment. The United States Sentencing Guidelines provided that under the facts agreed to, Medina be sentenced to between 41 and 51 months' imprisonment. That is based on an applicable offense level of 22 and a criminal history category of I.

The district court sentenced Medina to 12 months and one day imprisonment, amounting to a nine-level downward departure under the Sentencing Guidelines and a 70% reduction from the Guidelines' minimum recommended sentence. To justify the variance, the court

relied on the fact that Medina had served in the military. As the

court explained:

> I start with the understanding that vets should get a break.

> \* \* \*

> [T]he old mandatory Guidelines pointed out that military service is not normally something that is to be rewarded.

> I think, however, under the new sentencing regime and in understanding that there is a necessity to promote respect for the law, I think one of the things that we can do to promote respect for the law is to have the law recognize that people who make positive and significant contributions to their country's welfare should have that considered in the sentencing process. And in an advisory sentencing scheme, I think I am entitled to do that and to explicitly do that.

> \* \* \*

> I am going to sentence you at an offense level 13, criminal history category I, staying at the -- within the framework generally of guidelines, but recognizing them advisory and believing that a nine-level downward departure is appropriate, because [of] instructions from the sentencing considerations of the statute that the sentence should be no more than that necessary to foster the other goals of sentencing, including such things as deterrence.

> \* \* \*

> Your service to your country, your being a fine father has shown . . . indicates that you are a person who certainly has more good than bad, and accordingly, the sentence I would hope is an appropriate and fair one.

The government appealed, alleging that the variance was

unjustified and unreasonable.[*] The government notes that the court

---

[*]Medina argues that because the government did not object at the sentencing proceeding to the district court's application of

-3-

did not even find that the defendant's military service "was extraordinary."

Following <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Sentencing Guidelines are, of course, only advisory, and "[a] sentence falling outside of the properly calculated Guidelines range is not <u>ipso</u> <u>facto</u> unreasonable." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006). But if "the district court provides an inadequate statement of reasons or relies on improper factors in" rejecting the recommendations of the Guidelines, the sentence "will be found unreasonable and vacated." <u>Id.</u> The district court's reasons for imposing a variance sentence "must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary." <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir. 2006). Moreover, the court may not give "excessive weight" to any single factor. <u>See</u> <u>Green</u>, 436 F.3d at 457. "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." <u>Moreland</u>, 437 F.3d at 434.

In this case, we conclude that the district court's variance sentence, based on Medina's military service, was unreasonable in

---

the factors under § 3553(a) or to the sentence imposed, it has "waived any argument" that his sentence is unreasonable. Prior to the district judge imposing the sentence, however, the government, both in writing and on the record at the sentencing hearing, argued against any sentence outside of the advisory Guideline range. This was sufficient to preserve the government's claim for appeal. <u>See</u> <u>United States v. Clark</u>, 434 F.3d 684, 686 n.1 (4th Cir. 2006).

that it was not adequately justified by the factors found in 18 U.S.C. § 3553(a).  Accordingly, we vacate Medina's sentence and remand for resentencing.

First, the district court gave excessive weight to a single factor -- Medina's military service -- to justify so great a variance.  See Green, 436 F.3d at 457 (stating that a district court may not give "excessive weight" to any single factor).

Second, not only did the district court rely primarily on Medina's military service, but the Sentencing Guidelines include a policy statement that military service is a discouraged factor when considering whether a downward departure is warranted.  See U.S.S.G. § 5H1.11 ("Military, civic, charitable, or public service . . . and similar prior good works are not ordinarily relevant in determining whether a departure is warranted"); see also United States v. Rybicki, 96 F.3d 754, 759 (4th Cir. 1996) ("Rybicki's 20 years of unblemished service to the United States and his responsibilities to his son and wife, both of whom have medical problems, are also factors that the Sentencing Guidelines have expressly addressed, instructing that they are ordinarily not relevant and therefore 'discouraged'").  Section 3553(a) expressly directs sentencing courts to consider such policy statements.  See 18 U.S.C. § 3553(a)(5)(A) ("The court, in determining the particular sentence to be imposed, shall consider . . . any pertinent policy statement issued by the Sentencing Commission").

Third, the district court misapplied the sentencing factors found in § 3553(a) in its efforts to justify Medina's sentence, thereby undermining the stated purposes for sentencing. The district court believed that "one of the things that we can do to promote respect for the law is to have the law recognize that people who make positive and significant contributions to their country's welfare should have that considered in the sentencing process." This reasoning flips the "promote respect for the law" factor on its head. "[T]he need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," see 18 U.S.C. § 3553(a)(2)(A), is furthered by ensuring that there are adequate consequences for violating the law, not by rewarding prior good works that are unrelated to the law that was violated. Instead of sufficiently punishing criminal behavior, and thereby promoting respect for the law, Medina's sentence demotes the law criminalizing the possession of child pornography in favor of rewarding and encouraging military service. This reflects an erroneous understanding of § 3553(a)(2)(A).

Fourth, the district court also believed that Medina's one-year sentence was "no more than that necessary to foster the other goals of sentencing, including such things as deterrence." This conclusory statement is not a satisfactory substitute for an explanation of why Medina's reduced sentence satisfies "the need

for the sentence imposed . . . to afford adequate deterrence to criminal conduct." See 18 U.S.C. § 3553(a)(2)(B). Congress and the Sentencing Commission expressed the judgment, albeit now only recommended, that a sentence of 41 to 51 months would afford adequate deterrence of offenses such as that committed by Medina. The district court thus had a responsibility to explain why Medina's 12-month sentence would better serve as a deterrence. Medina's sentence, as it now stands, conflicts with the Guidelines' judgment on the adequate level of deterrence without any explanation why, other than the fact that Medina served in the military. We see no improvement in deterrence by reducing a sentence for military service.

Fifth and finally, we conclude that the district court must have more compelling reasons than a discouraged factor to reduce a sentence nine levels -- a sentence 70% below the Sentencing Guidelines' minimum recommended sentence. As we have held, a variance of this size must be justified by compelling reasons related to factors found in § 3553(a). See Moreland, 437 F.3d at 434 ("The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be"). Instead of providing such compelling reasons based in § 3553(a), the district court's explanation actually tends to undermine the factors found therein.

VACATED AND REMANDED