FILED: December 2, 2008

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 98-4260
(CR-97-435-A)

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RICHARD D. DOBSON,

            Defendant - Appellant.

O R D E R

       At the request of the crime victim in this case, the Court

modifies the opinion filed February 17, 1999, as follows:

       On page 2, lines 15, 19, and 24, the crime victim's name is

replaced with initials.  On page 3, lines 11 and 37, the crime

victim's name is replaced with initials.  On page 4, lines 2, 4,

and 6, the crime victim's name is replaced with initials.


                                   For the Court


                                   /s/ Patricia S. Connor
                          _____
                                          Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4260

RICHARD D. DOBSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-435-A)

Submitted: December 30, 1998

Decided: February 17, 1999

Before WILKINS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph N. Bowman, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Patricia M. Haynes, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard D. Dobson pled guilty to two counts of aggravated sexual abuse, see 18 U.S.C.A. § 2241 (West Supp. 1998), and one count of using a firearm in a crime of violence, see 18 U.S.C.A. § 924(c) (West Supp. 1998). Departing above the recommended guideline range of 151-188 months, the district court imposed a sentence of 235 months for the aggravated sexual abuse conviction. The court also imposed a consecutive 60-month sentence for the§ 924(c) conviction. Dobson appeals his sentence, contending that the district court abused its discretion in departing for multiple acts of abuse, see U.S. Sentencing Guidelines Manual § 2A3.1, comment. (n.4) (1997), and for extreme psychological injury, see USSG § 5K2.3, p.s. For the reasons explained below, we vacate the sentence and remand for resentencing.

The counts of conviction involved two occasions in February and March of 1990 when Dobson forced his fourteen-year-old step-daughter, J.N., to have sexual intercourse with him, the first time by threatening her with a knife and the second time by threatening her with a gun. Seven years later, when she became suspicious that Dobson might be sexually abusing his eight-year-old daughter, J.N. contacted the Federal Bureau of Investigation (FBI). J.N. told the FBI that Dobson began sexually abusing her when she was eight years old, forcing her to perform oral sex on him, and that the abuse continued until she graduated from high school. She said he ensured her silence by telling her that, if she told anyone, she would get both him and her mother in trouble, and tear the family apart. J.N. gave the FBI details of numerous encounters with Dobson, including other instances of forced intercourse, and recorded a telephone call with him in which he acknowledged using the gun and the knife to coerce her on the specific occasions charged and generally admitted sexually abusing her on other occasions as well.

After Dobson's guilty plea, the probation officer calculated his guideline range at 151-188 months and recommended that a departure might be appropriate under Application Note 4 to USSG § 2A3.1, which encourages an upward departure if the defendant was convicted of multiple acts of criminal sexual abuse and the counts are grouped

2

under § 3D1.2 (Groups of Closely Related Counts). However, Dobson's two counts of sexual abuse were not grouped together into a single group under § 3D1.2. Nonetheless, the government recommended a departure pursuant to Application Note 4 of § 2A3.1, and also argued that a departure would be appropriate under§ 5K2.0, p.s., and § 5K2.3 (Extreme Psychological Injury). Dobson did not dispute whether Application Note 4 applied in his case, but argued that no departure should be made because the assaults resulted from his drug and alcohol abuse, which had since been cured, and that there was no danger that he could commit similar offenses. He also disputed whether J.N. had suffered extreme psychological injury.

At sentencing, the district court found that the probation officer's recommendation for a departure under § 2A3.1 was "the appropriate basis upon which to grant an upward departure. . . ." The court departed upward by two levels "because of the length of time of the multiple acts of sexual abuse, the presence of the weapons on at least two occasions, [and] the psychic force as well as the physical force that was used against the victim." The new guideline range for the sexual abuse counts was 188-235 months. The court imposed a sentence of 235 months, with a consecutive sentence of five years for the firearms offense. On appeal, Dobson challenges the departure as an abuse of discretion, making the same arguments he used in the district court.

Departures are reviewed for abuse of discretion under the test set out in Koon v. United States, 518 U.S. 81, 96-100 (1996). A sentencing court may depart on the basis of an "encouraged" factor if that factor is not already adequately accounted for in the applicable guideline. See Koon, 518 U.S. at 94-95; United States v. Rybicki, 96 F.3d 754, 757-58 (4th Cir. 1996) (following Koon). Here, we find that the district court's rationale for departure was flawed because Application Note 4 encourages a departure only if the defendant's multiple counts are grouped together for sentencing under § 3D1.2. Dobson's were not grouped together. Rather, they were placed in separate groups and he received an increase of two levels under the multiple count rules. See USSG § 3D1.4.

Although Dobson contends that the district court also based the departure on the extreme psychological injury suffered by J.N., the

3

record reflects that the court did not make any findings concerning J.N.'s psychological injury and did not rely on this factor in departing. The court's reference to "psychic force" appears to refer to the threats of harm to the family which Dobson used to prevent J.N. from revealing his abuse, rather than to psychic harm suffered by J.N. as a result of the abuse.

Consequently, we vacate the sentence and remand for resentencing to allow the district court to reconsider whether to impose sentence within the guideline range or whether a departure on alternative grounds might be warranted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4